## MOFFIT *v.* THE STATE, EX REL. FLEMING.

COUNTY AUDITOR.—*Appeal Bond.*—The county auditor is not bound to approve an appeal bond in a case where no appeal lies from the action of the board of county commissioners.

STATUTE.—*Removal of County Seat.—Erection of Court-House.*—The proviso of the first section of the act of February 24th, 1869, 3 Ind. Stat. 171, "that no such relocation of a county seat shall be made unless it shall be removed at least three miles," does not intend three miles from the public buildings, but from the city or town in which such public buildings are located; and a building of the court-house on other grounds in the same town is not a removal under this proviso.

SAME.—*Appeal.*—Such an order and contract of the board, for the erection of a court-house, is not a decision within the meaning of the section authorizing appeals. No appeal lies from such order.

APPEAL from the Warren Circuit Court.

DOWNEY, J.—This was a proceeding by mandate by the appellee against the appellant.   It appears that the board of commissioners of the county, at the March term, 1871, made and ·entered into a contract with Hays and Evans for the building of a court-house, in pursuance of an order which they had, during. the same term, entered on their minutes. Within thirty days after the making of such order, the relator filed an affidavit with Moffit, who is auditor of the county, alleging that he had an interest in the matter so decided by the board, and that he was aggrieved thereby, and also ten-dered an appeal bond and prayed an appeal from the said order of the board, and demanded that the said auditor should approve the bond, and make out and certify a tran-script of the proceedings, and allow an appeal from said order.  ·But that the said auditor refused to approve the bond, not on account of any insufficiency thereof, but on the alleged ground that no appeal would lie from said pro-ceeding; that the facts set forth in his said affidavit are true, and that he is aggrieved by the said proceeding, and is inter-ested therein as a tax-payer of the county, and is still desirous that said appeal should be allowed from said pro-ceeding; wherefore, etc.   The manner in which the relator will, as he alleges in his affidavit, be aggrieved by the order of the board of commissioners is, that by the order and con-tract the court-house is located and to be erected and built upon lots and on a site other and different from the site on which the present court-house is situated, and will, if erected on the site named in the contract, be removed and relocated less than three miles from its present site, and located con-trary to the statute in such cases made and provided; and for the further reason, as is stated, that the relator and, as he believes, fifty-five per cent. of the legal voters of the county desire a removal of the county seat of the county, and a re-location thereof at West Lebanon, and were then circulating petitions asking for such removal and relocation, and that the relator and all other tax-payers in like condition will be greatly damaged by the action and order of the board, in

Moffit *v*. The State, *ex rel.* Fleming.

the premises, unless by appeal their proceedings in the premises be stayed.

There was a demurrer by the defendant to the affidavit, for the reason that the same did not state facts sufficient to constitute a cause of action, which demurrer was overruled, and the defendant excepted. The defendant declining to make any further defence, the court rendered final judgment against him, requiring him to approve the bond and make out, and certify, and file with the clerk of the common pleas a transcript of the proceedings.

The error assigned is the overruling of the demurrer to the affidavit.

There is no brief for the appellee. The position taken by the appellant is, that there could be no appeal from the action of the board ordering the erection of a new court-house and letting the contract therefor.

We are of the opinion that if the law allows no appeal from the action of the board in question, the auditor was not bound to approve the bond and allow the appeal, and that a mandate to compel him to do so cannot be sustained.

The statement in the affidavit for an appeal to the effect that the order of the board, if the court-house shall be erected on the site named in the contract, will authorize a removal and relocation to a point or place less than three miles from its present site, seems not to be sustained by anything in the order of the board, a copy of which is filed with the affidavit. The object was, we presume, to involve a question under the proviso to the first section of the act of February 24th, 1869. 3 Ind. Stat. 171. This proviso is, "that no such relocation of a county seat shall be made unless it shall be removed at least three miles." A county seat in this sense is not the lot or lots on which the public building or buildings of the county stand; but by those words, as here used, is meant the city or town in which such buildings are situated. Hence the building of a new court-house on another site in the same town or city is not in this sense a removal

or relocation of the county seat. Accordingly it is provided that the commissioners may sell the public grounds of the county upon which the public buildings are situated, and purchase in lieu thereof, in the name of the county, other grounds in the county seat, on which such buildings shall be erected. 1 G. &. H. 250, first sub-division of section 13. The fact that fifty-five per cent. of the voters were in favor of a relocation, and that petitions therefor were in circulation is no reason why a new court-house should not be erected at the county seat.

There is nothing in the case, then, except the question whether the county commissioners should or should not erect a new court-house at the county seat. We are of the opinion that this is a matter which must be left, where the law seems to have placed it, in the discretion of the board of county commissioners of each county. These officers do not generally embark in the erection of such buildings before they are needed. It is true that the statute provides for an appeal from "all decisions" of the board of commissioners. 1 G. & H. 253, sec. 31. We think, however, that an order and contract of the board for the erection of a court-house are not a decision within the meaning of this section. The circuit or common pleas court is not the tribunal entrusted by law with the performance of this duty, either originally or upon an appeal from the action of the board.

We conclude that there was no appeal from the action of the board; that the auditor was not bound to approve the bond and make out and certify the transcript; and that, consequently, the proceeding by mandate could not be sustained against him. The demurrer to the complaint should have been sustained.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the affidavit for the mandate.*

*J. H. Brown* and *J. McCabe,* for appellant.

—— *Mallory* and *S. A. Huff,* for appellee.

*Petition for a rehearing overruled.