### DUNNINGTON et al. v. BAILEY.

CIRCUIT COURTS— *When no jurisdiction on appeal.*— Where the amount in controversy, in a suit before a justice of the peace, is above the jurisdiction of the justice, the Circuit Court can acquire none on appeal.

#### APPEAL FROM INDEPENDENCE CIRCUIT COURT.

HON. ELISHA BAXTER, *Circuit Judge.*

*U. M. Rose* and *W. Byers*, for Appellants.
*A. H. Garland*, for Appellee.

GREGG, J.—The appellee, in 1869, sued Metcalf and Seymore before a justice of the peace and recovered judgment. An execution was issued and returned, "no property found." The justice endorsed thereon, "renewed for twelve months."

Sometime thereafter, the constable seized certain cotton which was claimed by the appellant. Under *Section 727 of the Civil Code of Practice*, the appellant, in order to hold the cotton, tendered a bond with security, which was approved by the constable and returned with the execution.

The bond did not conform to the statute; it was for $3000, not given to the plaintiff in the execution but to him and Burr & Reed. There was no showing as to what the property was valued at, or what portion was seized under Bailey's execution, or what under an execution in favor of Burr & Reed, which appeared also to be in the constable's hands.

On the 4th of January, 1871, the appellee moved the justice of the peace for judgment on the bond, reciting that it had been executed by Dunnington to him. The justice sets out on his record the $3000 bond of Dunnington and Wright to Bailey and Burr & Reed; a jury was empanneled, and they returned that they found the property not subject to the execution. · The justice rendered judgment that the "levy be annulled, the property restored," and that Bailey pay costs; from which Bailey appealed to the Circuit Court, and obtained a supersedeas. The record does not show what issues were

made up in that court, but shows that a jury was empanneled to try the issues, and that they returned that they found for the appellee $74 05, with ten per cent interest on the amount, for which sum and costs judgment was rendered against Dunnington, and he moved for a new trial and in arrest of judgment, which motions were overruled, and he excepted and appealed to this court.

The motions and bill of exceptions are verbose and lengthy. We deem it only necessary to say that the grounds, in the motion in arrest of judgment, seem to be well taken.

This is not a statutory bond in the form and with the conditions prescribed by the Code and without deciding what was, or was not Dunnington's liability on that bond, it is not such as authorized a recovery in this form of proceeding. *Watson vs. Gabbery*, 18 *B. Mon.* 664. Bailey's proceeding against Dunnington was commenced by motion upon this $3000 bond, before the justice of the peace. The bond was the foundation of his complaint there, and it being for a sum above the jurisdiction of a justice of the peace, he could not successfully prosecute such claim in that forum.

If the justice of the peace had no jurisdiction, the Circuit Court could acquire none by appeal. *Collins vs. Woodruff*, 9 *Ark.*, 463; *Latham vs. Jones*, 6 *Ark.*, 372.

The judgment is reversed and the cause remanded for the appeal to be dismissed for want of jurisdiction.