## ARMSTRONG V. TRUITT.

Decided May 17, 1890.

1. *Allowance against county—Award of contract to build jail.*

53   287
q73  527
77   589

An award of a contract to build a county jail is not an allowance against the county within the meaning of section 51 of article 7 of the constitution of 1874, providing the right to appeal to any citizen or resident and tax payer from an allowance for or against the county.

2. *County jail—Payment for in advance.*

The county court has no authority to order the payment in advance of any part of the amount contracted to be paid for the building of a courthouse or jail before any part of the contract is performed.

APPEAL from *Conway* Circuit Court.

G. S. CUNNINGHAM, Judge.

*E. B. Henry* for appellant.

Appellant had a right to intervene in this cause. Art. 7, sec. 51, Const. 1874. In this case there was an *allowance* of $8,000, and $1,000 ordered to be paid *in advance*.

The county judge is a trustee. 50 Ark., 447. Any evidence which tended to show an abuse of discretion was competent. A judge in vacation has no authority to make contracts.

*Ratcliffe & Fletcher* for appellee.

Appellant had no right to intervene or appeal. The award of a contract by the county court is, in no sense, an allowance against the county. Const., art. 7, sec. 51. The county court has exclusive original jurisdiction of such matters. Art. 7, sec. 28.

Before the constitution of 1874, no appeal could be taken from an allowance against the county, except by a party to the record. 26 Ark., 461; 32 Ark., 50; 30 Ark., 578; 28 Ark., 359. The present constitution gives a right of appeal

in *such cases*. An allowance is in the nature of a judgment, a contract has none of the characteristics of a judgment. 33 Ark., 788; 37 Ark., 649; 36 Ark., 589; 39 Ark., 485; 48 Ind., 261.

There is no affidavit for appeal and bond, and the circuit court acquired no jurisdiction. Mansf. Dig., secs. 1436-7.

BATTLE, J. These two cases were submitted by consent upon the same abstracts and briefs, and considered by this court at the same time. In the first case it appears the county court of Conway county ordered a jail to be built, awarded the contract to R. S. Truitt, he being declared the lowest bidder, and ordered him to enter into bond for the faithful performance thereof. The contract was reduced to writing and presented to the court for approval. Thereupon Carroll Armstrong, a citizen, resident and tax payer of Conway county appeared, and for several reasons objected to its approval. His objection was overruled, and the contract was approved, and he appealed to the circuit court. In the circuit court his appeal was dismissed, and he appealed to this court.

In the other case the county court of Conway county, at its July term, 1888, on the 7th of September, 1888, made the following order: "Now on this day it appearing to this court that the contractor for building the jail for Conway county, R. S. Truitt, has filed his bond as such contractor, and in accordance with the contract that upon the filing and approval of said bond said contractor should have issued to him one thousand dollars, it is therefore considered, ordered and adjudged by the court that the clerk draw his warrant on the treasury of Conway county in favor of R. S. Truitt, payable out of jail funds, for one thousand dollars." And Carroll Armstrong appealed from it to the circuit court, which, "after hearing the testimony of witnesses and argument of counsel," affirmed the order of the county court,

and rendered judgment for costs against Armstrong. Without filing a motion for a new trial or bill of exceptions, he appealed to this court.

The appeals in the two cases are separate and distinct, and will be so considered.

In the first case Armstrong was not a party, and could not take an appeal as a party aggrieved. The order appealed from was not an allowance, but an acceptance by the county court of the offer of Truitt to build a jail, and nothing more. Hence Armstrong had no right to appeal from it, under the constitution, as a citizen, resident or tax payer, and could not appeal in any capacity. Constitution of 1874, art. 7, sec. 51; *Moffitt v. The State*, 40 Ind., 217.

*1. Award of contract to build jail—Not allowance against county.*

In the latter case the order appealed from was an allowance against the county. There is nothing in the record to indicate the nature or purpose of the allowance, except the order of the county court. From that it appears that it was made at the time the contract to build the jail was consummated by the filing and approval of the bond of Truitt—that both the order and contract were made at the same time. Assuming that the order is correct as to facts, it conclusively appears that no part of the contract was performed when it was made, and that the amount thereby allowed was intended to be paid before anything was done under the contract. No other reasonable interpretation can be placed upon it. As an order for such a payment, it was affirmed by the circuit court, and could not have been affirmed in any other way. The whole record conclusively shows that the allowance was for an advance payment. Did the circuit court err in affirming it?

The statutes of this State provide that, when any county court shall make an order for the erection of a court-house or jail, it shall appoint some suitable person as commissioner of public buildings, whose duty it shall be, among other things, to prepare and submit to the county court a plan of

*2. County jail —Payment for in advance.*

the building to be erected, the dimensions thereof and the materials of which it is to be composed, with an estimate of the probable costs thereof; and, when any plan shall be approved by the court, to advertise for proposals for erecting such building and to contract with the person who will agree to do the work on the lowest and best terms, not exceeding the amount appropriated for the purpose by the court; to take from the contractor a bond to the county, with sufficient security, for the performance of the work at such time and in such manner as shall be agreed on; and "to superintend and direct the execution of the work and see that the materials employed are good and the work executed according to the contract and to make report of the progress and condition thereof from time to time to the county court." They further provide: "When any installment shall become due to the contractor according to contract, such court shall make an order that the same be paid out of the county treasury;" and that "no such order shall be made except on the certificate of the commissioner that *a due proportion of the work has been completed and executed according to the contract.*" Mansf. Dig., secs. 1091-1103. The effect of this legislation is to prohibit the county court from making an order for the payment of any sum on any amount contracted to be paid for the building of a court-house or jail before any part of the contract is performed. The allowance in question is in violation of the statute, and the circuit court erred in affirming it. *Shirk v. Pulaski County*, 4 Dillon, 209; *Desha County v. Newman*, 33 Ark., 788; *Goyne v. Ashley County*, 31 Ark., 552. See *State v. Hinkle*, 37 Ark., 540.

The judgment in the first case dismissing the appeal is affirmed; and the judgment affirming the allowance in the other is reversed, and the cause is remanded for a new trial.