KASTOR v. ELLIOTT.

## Opinion delivered November 18, 1905.

1. ACTION—VENUE.—An action on a contract relating to personal property, under Kirby's Digest, § 6072, may be brought in any county in which the defendant resides or is summoned. (Page 149.)

2. FORMER SUIT PENDING—WHEN OBJECTION WAIVED.—Where it appears in the complaint that there is another action pending between the same parties for the same cause, the objection may be taken by demurrer; and if it does not appear in the complaint, it may be taken by answer; and if the objection is not taken by demurrer or answer, the defendant will be deemed, under Kirby's Digest, § § 6093, 6096, to have waived the same. (Page 149.)

3. PROHIBITION—WHEN WRIT DOES NOT LIE.—If the court in which a proceeding began has a right to pass on the question involved, and its errors can be corrected on appeal, the fact that it may err in deciding such question does not authorize the appellate court to interfere by writ of prohibition. (Page 149.)

Original petition for prohibition; denied.

*F. M. Rogers,* for petitioner.

*White & Altheimer,* for respondent.

Where the jurisdiction of the court is doubtful, or where the petitioner has other legal remedy, the grant or refusal of the writ of prohibition is discretionary, 155 U. S.; 402, 166 U. S. 136. In any case where the party aggrieved may have ample remedy by appeal, prohibition will not lie. 65 Ark. 214.

BATTLE, J. Hugo Kastor applies to this court for a writ to prohibit the Lincoln Chancery Court from exercising jurisdiction in the suit of Jacob Poye against him in that court. He says "that on the 19th day of October, 1905, he instituted a suit in the Desha Chancery Court against Jacob Poye, a resident of Desha County; that the object of the suit was to enforce specific performance by Poye of the contract exhibited with the complaint therein, to obtain an accounting between the parties, and to restrain Poye from interfering with petitioner's possession of certain staves lying partly in Desha County, and partly in Lincoln County; that summons and a restraining order were issued and served on Poye in Desha County.  *  *  *  Petitioner says that, on the 20th day of October, 1905, Poye instituted suit in the chancery court of Lincoln County against petitioner (who is a

non-resident of this State), the object of which suit is identically the same as the object of that filed by petitioner in Desha court; that the chancellor of the Lincoln Chancery Court issued an order, restraining petitioner from removing that portion of said staves which was located in Lincoln County, and also appointed a receiver, and directed the receiver to take possession of the staves and to sell same; that the latter has advertised same for sale, and will sell same on the 17th day of this month (November, 1905), unless restrained by this court."

Judge Elliott responds, and admits the issuance of the restraining order, and the appointment of the receiver made by him in his official capacity, and alleges that the Lincoln Chancery Court has jurisdiction in the suit instituted in that court by Poye.

Poye being a resident of Desha County, and the contract sued on relating exclusively to personal property, the Desha Chancery Court had jurisdiction of the suit commenced in that court against him (Kirby's Digest, § 6072) ; and, Kastor being a non-resident of this State, and the property being situated in Lincoln County, the Lincoln Chancery Court had jurisdiction of the suit instituted in that court by Poye against him. It follows that the two courts had concurrent jurisdiction, and the one first obtaining jurisdiction had the right to exercise it to the exclusion of the other. The statutes of this State provide what shall be done in such cases. They provide that when it appears in the complaint that there is another action pending between the same parties for the same cause, the objection may be taken advantage of by demurrer; and if it does not appear in the complaint, it may be taken by answer; and if the objection is not taken by demurrer or answer, the defendant shall be deemed to have waived the same" (Kirby's Digest, § § 6093, 6096). If the demurrer be overruled, or the plea in the answer be overruled, the defendant has an adequate remedy by appeal. "But, in the first instance, the court in which the proceeding began has a right to pass on the question, and if it errs its errors can be corrected" by the Supreme Court. The fact that the court may err in deciding the question does not authorize this court to interfere by writ of prohibition. *State* ex rel. *Johnson* v. *Withrow*, 108 Mo. 1.

Petition is denied.