VAN HOOK *v.* MCNEIL MONUMENT COMPANY.

Opinion delivered December 11, 1911.

COUNTY—ALLOWANCE AGAINST—RIGHT OF TAXPAYER TO APPEAL.—Under art. 7, sec. 50, Const. 1874, providing that "in all cases of allowances made for or against counties, cities or towns an appeal shall lie to the circuit court of the county, at the instance of the party aggrieved, or on the intervention of any citizen or resident and taxpayer of such county, city or town," a citizen or resident and taxpayer has the right

to appeal from an order of allowance against the county, whether he intervenes before or after the allowance was made.

Appeal from Union Circuit Court;   *George W. Hays,* Judge; reversed.

*J. Y. Stevens* and *Patterson & Green,* for appellant.

Since the adoption of the Constitution of 1874, any citizen or resident may, within six months from the date of an allowance made by a county court against the county, appeal to the circuit court from the order of allowance, with or without supersedeas, by complying with the law with reference to taking appeals from the county court to the circuit court, whether he was a party to or had any previous connection with the proceeding or not.   Art. 7, § 50, Const. 1874; Kirby's Digest, § 1487;  53 Ark. 287, 289;  52 Ark. 99;  73 Ark. 523;  99 Ark. 173;  64 Ark. 349.

*Gaughan & Sifford,* for appellee.

Van Hook, not having by intervention made himself a party prior to the rendition of the judgment by the county court, is not authorized to appeal from that judgment.

Art. 7, § 50, of the Constitution provides for appeals only "on the intervention of a citizen, etc.   *₀ * *   on the same terms and conditions on which appeals may be granted to the circuit court in other cases."   The "terms and conditions on which appeals are granted in other cases" are that the outside person must have made himself a party before the judgment. 53 Ark. 287.   The preceding term "on the intervention of a citizen" does not in any way change the rights, terms, conditions or privilege of appeal, but is merely a designation of how he shall become a party, and defines his position in the suit as an *intervener* as distinguished from a *plaintiff* or *defendant.*   12 Fed.. 10, 16;  47 Pac. 303, 308;  8 Col. App. 471;  30 N. W. 138, 141;  7 Pac. 669, 671;  Ballinger's Ann. Codes & Stat., Wash. 1897, § 4846;  Black on Interpretation of Laws, Hornbook Series, 26.

HART, J.   On the 21st day of October, the county court of Union County made an order of allowance for $1,000 to the McNeil Monument Company to finish paying for a Confederate monument which had been erected by said company on court square in the city of El Dorado in said county.   On the same

day court was adjourned until October 29, 1910, and on the latter day court adjourned for the term.

On the 22d of October, 1910, W. M. Van Hook, a resident and taxpayer filed with the county clerk an affidavit and bond for appeal.

On the 31st day of October, 1910, said W. M. Van Hook filed an affidavit and prayer for appeal from said order of allowance with the circuit clerk, in which he stated that he was a resident, taxpayer and citizen of Union County, and that the appeal was not taken for the purpose of delay, but that justice might be done him and other citizens of said county. On the same day he filed a bond for costs, and a supersedeas bond in compliance with the terms of section 1487 of Kirby's Digest.

In the circuit court the McNeil Monument Company filed a motion to dismiss the appeal because said W. M. Van Hook was not made a party before the order of allowance was made in the county court. The circuit court sustained the motion, and dismissed the appeal, from which W. M. Van Hook has duly prosecuted an appeal to this court.

The correctness of the ruling and judgment of the circuit court depends upon the construction of section 50, art. 7, of the Constitution of 1874. It reads as follows:

"That in all cases of allowance made for or against counties, cities or towns, an appeal shall lie to the circuit court of the county, at the instance of the party aggrieved, or on the intervention of any citizen or resident and taxpayer of such county, city or town, on the same terms and conditions on which appeals may be granted to the circuit court in other cases; and the matter pertaining to any such allowance shall be tried in the circuit court *de novo.* In case an appeal be taken by any citizen, he shall give bond, payable to the proper county, conditioned to prosecute the appeal and save the county from costs on account of the same being taken."

In the case of *Murphy* v. *Garland County,* 99 Ark. 173, the court held: (quoting from syllabus): "Where a claim was allowed against the county in the county court, and a warrant therefor was issued, and subsequently an appeal to the circuit court was prosecuted by a citizen and taxpayer and the claim was disallowed in the latter court, the warrant

previously issued under the judgment of the county court was rendered invalid."

Counsel for appellee urge that this case is not conclusive because the court's attention was not directed to the question now presented. We can not agree with them. The precise question raised by this appeal was involved in that case. We did not enter into an extended discussion of the question in that case because we thought it was settled by the decision in the case of *Armstrong* v. *Truitt,* 53 Ark. 287, cited. There two cases were submitted together by consent. In the first case, it appeared that the county court ordered a jail to be built and awarded the contract to Truitt. Subsequently, Carroll Armstrong, a citizen resident and taxpayer, appealed from the order awarding and approving the contract with Truitt. The court held that Armstrong could not take an appeal as a party aggrieved because he was not a party when the order was made by the court; that he could not take an appeal as a citizen, resident or taxpayer because the order appealed from was not an allowance against the county. It is manifest that the court considered that when the order appealed from was an allowance, a citizen, resident or taxpayer could take an appeal after the allowance was made, or else it would have predicated its decision alone on the fact that Armstrong was not a party when the order was made. This view is emphasized when we consider the decision of the court in the second case. There the order appealed from was an allowance against the county, and the court in its statement of facts merely announced that Armstrong appealed from the order of allowance, and did not state whether or not he was made a party before or after the order of allowance was made, but recognized his right to appeal. The effect of that decision is to hold that section 50, art. 7, of our Constitution gives a resident, citizen or taxpayer the right to appeal from an order of allowance against the county, regardless of the fact whether he intervenes before or after the allowance was made. The distinction is also recognized in the case of *Bowman* v. *Frith,* 73 Ark. 523. There the court held that if in any way the county court proceeds irregularly in the exercise of its constitutional jurisdiction, residents and taxpayers may become parties to the proceedings, and may appeal from the order to which they object. The

court said: "They are then the 'party aggrieved' entitled to appeal therefrom under section 1487 of Kirby's Digest. Counsel cite *Armstrong* v. *Truitt*, 53 Ark. 287, as an authority preventing appellant having a right to appeal, but that case only holds that a citizen, resident and taxpayer who has not become a party can not appeal from the action of the court accepting an offer to build a jail. In cases of allowances for or against counties the appeal may be taken either by a party aggrieved or a citizen or resident and taxpayer who may intervene. Const. 1874, art. 7, § 50."

Therefore we are of the opinion that the court erred in dismissing the appeal of W. M. Van Hook, and for that error the judgment is reversed and the cause remanded with directions to the circuit court to overrule the motion to dismiss the appeal and for further proceedings in accordance with law.