WRIGHT *v.* LeCROY.

Opinion delivered November 30, 1931.

*Joe Joiner* and *Garner & Whitley,* for petitioners.

*Henry Stevens* and *A. A. Thomason,* for respondents.

MEHAFFY, J. On December 31, 1931, O. A. Reed filed a claim in the county court of Columbia County for $368; and on the same day there was placed upon the record a sale of certain machinery to O. A. Reed amounting to $368. The order of the court approving the sale to Reed recited that it had issued to Reed warrants for the amount and had sold him this property. It appears that both orders were made at the same time. Emmet Atkinson was the judge of the county court, but his term expired on the day that he made the order.

S. G. Wright, a citizen and taxpayer of Columbia County, on the 10th day of January, 1931, filed an affidavit for appeal from the order of the county court, and the appeal was granted.

After the appeal was lodged in the circuit court, application was made to the judge of the circuit court in vacation for an order to supersede and stay the judgment of the county court and to order the possession of the property delivered to Columbia County. The circuit court required a supersedeas bond, and directed the circuit clerk to issue an order directed to the sheriff to take possession of said property and deliver it to Columbia County.

Thereafter, Reed filed a complaint in the Columbia Chancery Court, praying an order from said court enjoining the sheriff, C. T. Fincher, from levying on or otherwise interfering with his possession of said property pending an appeal taken from the county court of

Columbia County to the circuit court; and the chancellor issued a temporary restraining order as prayed for in the complaint. The petitioners herein filed a motion to dissolve the temporary injunction, denying the right of the chancery court to issue a temporary injunction. The chancery court declined to either make the injunction permanent or to dissolve it, but entered an order continuing the temporary restraining order during the pendency of the case in the Columbia Circuit Court.

The petitioners then filed an original suit here, asking that the chancery court and the chancellors thereof be restrained from interfering with the sheriff in executing the order of the circuit court made by the judge of that court in vacation when the Columbia Circuit Court was not in session. The chancery judges entered their appearance and filed response, and the question here is whether the chancery court had authority to issue a restraining order interfering with the sheriff in serving the writ issued by the circuit judge.

It is first contended by the respondents that S. G. Wright as a citizen and taxpayer had no authority to appeal from the order of sale made and confirmed by the county court, and they call attention to the cases of *Armstrong* v. *Truitt,* 53 Ark. 287, 13 S. W. 934, and *Van Hook* v. *McNeil Monument Co.,* 101 Ark. 246, 142 S. W. 154. It is insisted that, in order to appeal from the order of sale, it is necessary for the person seeking to appeal to become a party and that a citizen and taxpayer has no right to appeal without first becoming a party to the suit. It is urged that this is not an appeal from an allowance made by the county court, but is an order affirming a sale. We do not agree with respondents in this contention because, at the same time the order confirming the sale of the property to Reed was made, there was an order made allowing Reed $368, as a claim against the county. It is evident from the record that this was all one transaction, and it was in fact an allowance to Reed.

Section 2287 provides that appeals shall be granted as a matter of right to the circuit court from all final

orders and judgments of the county court. We think none of the authorities cited and relied on by respondents have any application here for the reason that we hold that this is an appeal from an allowance made by the county court. This, of course, answers the second and third contention of the respondents. The appeal was properly taken from the county court to the circuit court and properly lodged in the circuit court, and the circuit court therefore had jurisdiction of the parties and the subject-matter.

Section 2232 of Crawford & Moses' Digest gives the circuit court authority to issue, hear, and determine all necessary writs to carry into effect their specific powers, and it further provides that any such writs may be issued upon the order of the judge of the appropriate court in vacation. We think it therefore clear that the circuit judge had the right to issue a writ staying proceedings.

It is next contended that the order of supersedeas can not be made to have a retroactive effect or compel restoration of property. Whether this exceeded the authority of the circuit court or not, Wright, if it was an erroneous judgment, could appeal; and under the decisions of this court, if it were a void judgment, he could either appeal or treat it as a nullity. He would certainly have had the right to so supersede or stay the proceedings so as to prevent the disposition of the property by Reed until it was tried in the circuit court and determined whether the county actually owed him the $368 for which allowance was made.

It is then contended that Aubey Rowe, county judge, violated the law in becoming a party to the order directing the circuit clerk to issue a writ for the property. It is true that, in claims against counties, the law required the county judge to defend; but this is not the character of action that requires that action on the part of the county court. If the judge had reason to believe that the allowance to Reed should not have been made and that the sale was therefore void, it would have been his

duty to become a party and protect the interests of the county.

It is next insisted that the chancery court had jurisdiction to restrain processes from courts of coordinate jurisdiction. When a chancellor or a circuit judge has jurisdiction in a cause pending in his court and issues a writ, the other court of coordinate jurisdiction would not have the right to interfere and prevent the service of the writ. The chancery court could not prevent the service of a writ by the circuit court, nor could the circuit court interfere in the service of a writ issued by the chancery court. If this practice were permitted, it would create no end of confusion, and the sheriff or other officer would not know which judge or court to obey. To prevent situations of this sort and the confusion that would arise if such practices were permitted, this court will grant a writ of prohibition. *Arkansas Highway Commission v. Dodge,* 181 Ark. 539, 26 S. W. (2d) 879; *Caldwell v. Dodge,* 179 Ark. 235, 15 S. W. 318; *Metzger v. Mann,* 183 Ark. 40, 34 S. W. (2d) 1069. Circuit courts and chancery courts are of equal dignity; and, in cases where there is concurrent jurisdiction, the court that first acquires jurisdiction has the right and jurisdiction to conduct the matter to an end without interference by another court of equal dignity. *Salem v. Colley,* 70 Ark. 71, 66 S. W. 195; *State of Arkansas v. Devers,* 34 Ark. 188; *Bradley v. State,* 32 Ark. 722; *Estes v. Martin,* 34 Ark. 410; *Kastor v. Elliott,* 77 Ark. 148 91 S. W. 8; *Dunbar v. Bourland,* 88 Ark. 153, 114 S. W. 467; and *Ex parte Dame,* 162 Ark. 382, 259 S. W. 754.

It follows from what we have said that the chancery court had no jurisdiction to issue an order restraining the sheriff from serving a writ issued by the circuit judge, and the writ of prohibition is therefore granted.