WASSON, BANK COMMISSIONER *v.* DODGE, CHANCELLOR.

4-4340

Opinion delivered May 11, 1936.

*J. H. Carmichael* and *Miles & Amsler,* for petitioner.
*J. A. Tellier,* for respondent.

HUMPHREYS, J. This is an application for a writ of prohibition to prevent the chancellor of Pulaski county from restraining the petitioner from prosecuting a foreclosure suit on lands he filed in the chancery court of Jefferson county on February 28, 1933, against Walter R. Richards and Donald L. B. Richards and their respective wives, who executed a mortgage on certain lands in Jefferson and Lincoln counties to the American Exchange Trust Company on the 15th day of November, 1930, to secure an indebtedness of $19,588.28.

Subsequent to filing the foreclosure proceeding in Jefferson county, and while same was pending, a suit was filed in the chancery court of Pulaski county, over which respondent presides, by E. A. Henry, trustee in succession of the estate of Annie Greigg Ranken, deceased, against the petitioner, Marion Wasson, Bank Commissioner in charge of the American Exchange Trust Company, insolvent, *et al.,* to obtain a construction of the will of Annie Greigg Ranken, in order that the trustee might properly administer same, in which, among other things, it was alleged that under a proper interpretation of said will, the said beneficiaries therein, Walter R. Richards and Donald L. B. Richards, had no title or interest in and to the lands in Jefferson and Lincoln counties which they could mortgage to the American Exchange Trust Company, and that the mortgage was void for that and other reasons. These are allegations that could have been interposed as defenses in the foreclosure suit brought by petitioner in the Jefferson Chancery Court, which first acquired jurisdiction to foreclose the mortgage.

There can be no question that the chancery court of Jefferson county was the proper tribunal in which to institute the foreclosure suit. The lands described in the mortgage were partly situated in that county. Section 1164, Crawford & Moses' Digest, reads, in part, as follows: "Actions for the following causes must be brought in the county in which the subject of the action, or some part thereof, is situated:

"Third. For the sale of real property under a mortgage, lien or other incumbrance, or charge." *Wright v. LeCroy,* 184 Ark. 837, 44 S. W. (2d) 355.

The Jefferson Chancery Court having rightfully acquired jurisdiction over the necessary parties and subject-matter in the foreclosure proceeding, no other court of equal dignity or one having concurrent jurisdiction had any right to interfere in the foreclosure suit pending in the Jefferson County Chancery Court. This court said in the early case of *Estes, Adm., etc.* v. *Martin,* 34 Ark. 410, that: "It is a universal rule, so far as we know, in the courts of the various States and in the United States Courts, that where a court once rightfully acquires jurisdiction of a cause, it has a right to retain and decide it."

This general rule has been adhered to in all of our cases. In the recent case of *Wright* v. *LeCroy,* 184 Ark. 837, 44 S. W. (2d) 355, this court said: "Circuit courts and chancery courts are of equal dignity; and, in cases where there is concurrent jurisdiction, the court that first acquires jurisdiction has the right and jurisdiction to conduct the matter to an end without interference by another court of equal dignity."

Having decided the foreclosure suit was properly instituted in the chancery court of Jefferson county, that court acquired jurisdiction to try every question, both legal and equitable, that might arise in the case. This court said, in the case of *Merchants & Farmers Bank* v. *Harris,* 113 Ark. 100, 167 S. W. 706, that: "The Chancery Court having assumed jurisdiction for one purpose, will retain it for all and grant all of the relief, legal or equitable, to which the parties are entitled."

It is suggested by respondent that the only court that can construe a will is a court within the county of the domicile of the testator, which, in the instant case, was in Pulaski county. As a general rule, this is correct, but not so when the construction of a will is incident or ancillary to the equitable relief sought in the suit and which may be afforded by a final decree in the case. The rule applicable is clearly and tersely stated in 69 C. J., § 1976, p. 859, as follows: "When a case is

properly brought in a court of equity, under some of the known and accustomed heads of jurisdiction, and the question of the construction of a will incidentally arises, the court has jurisdiction to construe the will in order to afford the relief to which the parties are entitled. This is on the theory that, where a court of equity has obtained jurisdiction for any purpose, it is empowered to determine all questions that may arise in the progress of the case and to do complete justice.''

It is also suggested by respondent that the restraining order was not issued against the chancery court or the officers thereof, but only against one of the defendants in the case pending in the chancery court of Pulaski county. The restraining order entered by the Pulaski Chancery Court against Marion Wasson, Bank Commissioner in charge of the American Exchange Trust Company forbids him ''from applying for the appointment of a receiver in the foreclosure proceeding now pending in the Jefferson Chancery Court in the suit therein pending against Walter R. Richards and others, to take charge of the lands described therein, or any part thereof, or otherwise interfering with plaintiff's right to the possession and control of said lands as trustee in succession of the estate as heretofore ordered by this court pending further orders of this court,'' which, in effect, prevents the chancery court of Jefferson county from proceeding in an orderly way in the mortgage foreclosure suit pending in the court, which was instituted in the Jefferson Chancery Court before any suit was commenced in the chancery court of Pulaski county. The chancery court of Pulaski county was without jurisdiction to enter the order or execute it.

Respondent also suggests that a writ of prohibition cannot be invoked to correct an order already entered even though entered without or in excess of jurisdiction. Technically, perhaps, this is true, but by treating the application as one for certiorari to cancel the order made without or in excess of jurisdiction, the technicality may be avoided and confusion and conflict of jurisdictions prevented. We therefore carve through the technicality and treat the application as one for a writ of

732

certiorari and grant the writ quashing the order. The effect of this is to permit E. A. Henry, trustee in succession of the estate of Annie Greigg Ranken, deceased, to intervene in the foreclosure suit pending in the chancery court of Jefferson county, and set up any defenses he may have to the foreclosure of the mortgage.