BUTT *v.* SOUTHWESTERN DISTILLED PRODUCTS, INC.

4-5885                                   135 S. W. 2d 857

Opinion delivered January 22, 1940.

*John K. Butt,* for appellant.

*Vol T. Lindsey* and *Brickhouse & Brickhouse,* for appellee.

SMITH, J. The essential facts out of which this litigation arose are stated in the opinion in the recent case of *Southwestern Distilled Products, Inc., v. Trimble, Judge,* 198 Ark. 970, 132 S. W. 2d 196, in which case a

writ of prohibition was prayed against the Benton circuit court, in a proceeding wherein, the prosecuting attorney of that county sought to enforce the collection of revenue tax on a quantity of liquor owned by the Southwestern Distilled Products, Inc., hereinafter referred to as the distillery company.

It was alleged in the application for the writ that the authority to enforce payment of this revenue tax was vested exclusively in the Commissioner of Revenues of the state of Arkansas; and further that the circuit court was without jurisdiction to render any judgment with reference to the liquor which had been seized by the sheriff, for the reason that the distillery company, the owner thereof, had not been served with process. Neither of these contentions was sustained, and the writ of prohibition was denied, it being held that the circuit court did have jurisdiction, and that proper service of process had been had. It was there said: "The real subject-matter involved in this suit is the collection of the tax due the state out of the specific property involved and is really a proceeding *in rem*. We think the court clearly had the right to seize the property and confiscate or sell it without respect to who was in possession of it or who was the owner of it. The property itself is responsible for the tax and subject to seizure and sale for the collection of the tax. The proceeding might well proceed to a conclusion without anyone being made a party. It is true that a judgment is asked against the parties who are in possession of the property, and personal judgment could not be rendered against either of them without personal service, but that is only incidental to the main purpose of this suit which was to collect the tax due the state out of the liquor itself. The court had jurisdiction over the *rem* and undisputed service against two of the parties who had the liquor in possession and we think sufficient service upon the Southwestern Distilled Products, Inc., who now claims to be the owner thereof."

The objection to the service of process was that the suit against the distillery company had been filed against

the Southwestern Distillery Company, whereas the true name of the owner was Southwestern Distilled Products, Inc., the process itself having been served on the proper party had the owner been correctly named.

After the institution of the suit in the circuit court of Benton county, the distillery company filed suit in the chancery court of Benton county against the prosecuting attorney and the sheriff and other officers of Benton county who had served the writ and were in possession of the liquor, praying that these officers be enjoined from further prosecuting the suit or in any manner interferring with the business of the distillery company, which, it alleged, was being conducted in accordance with the law, and it was prayed that the impounded liquor be restored to the possession of the owner. It was alleged that the circuit court had not acquired jurisdiction of the liquor, for the reason that the owner thereof had not been sued, or served with process and that the distillery company had paid all taxes legally due on the liquor in question.

A demurrer was filed to this complaint, which among other grounds of demurrer, alleged ''That another cause of action is pending in Benton circuit court, involving the same subject-matter sought to be involved herein, and that said court has assumed and now has jurisdiction thereof to the exclusion of any other court.''

The demurrer was overruled, and the prosecuting attorney elected to stand thereon, whereupon, after hearing certain testimony, the court found that no unpaid tax was due on the liquor, and the prosecuting attorney was enjoined from further proceeding, and from that decree is this appeal.

We think it was error for the chancery court to entertain jurisdiction of this case, for the reason—if for no other—that the circuit court had first acquired jurisdiction of the *rem*. The opinion of the court denying the writ of prohibition against the circuit court had been delivered before the rendition of the decree here appealed from, and it had been held by us, in denying

prohibition that the circuit court did have jurisdiction, and the purpose of applying for the writ was to prevent the circuit court from exercising that jurisdiction.

We treated the fact that the distillery company had not been sued by its correct corporate name as immaterial, it being said that "The proceeding might well proceed to a conclusion without anyone being made a party," upon the theory that it was a proceeding against the liquor itself, of which the court acquired jurisdiction when the liquor was taken from the persons found in possession thereof, whether they were the owners or not. The officers of the circuit court were in possession of the liquor under the order of the circuit court when the suit was filed in the chancery court. This is not only undisputed, but is alleged to be a fact in the petition for a restraining order against the prosecuting attorney and the sheriff of the county.

The effect of the decree here appealed from is to oust the circuit court of its jurisdiction, this being done by enjoining the prosecuting attorney and the sheriff, who are officers of the circuit court, from further proceeding; indeed, the decree orders the return of the impounded liquor.

That the circuit court did have jurisdiction was the point expressly decided when the writ of prohibition was denied, and, having first acquired jurisdiction, that jurisdiction was exclusive, even though the chancery court may also have had jurisdiction to determine whether any tax was due on the liquor, and, if so, the amount thereof.

It was said in the case of *Davis* v. *Lawhon*, 186 Ark. 51, 52, S. W. 2d 887, (to quote a headnote) that "Where two courts have concurrent jurisdiction, the one that first obtains jurisdiction will determine the case, and the other court would not be permitted to interfere." Among other cases to the same effect are the following: *Ellis* v. *McHenry*, 1 Ark. 205; *State* v. *Devers*, 34 Ark. 188; *Kastor* v. *Elliott*, 77 Ark. 148, 91 S. W. 8; *Dunbar* v. *Bourland*, 88 Ark. 153, 114 S. W. 467; *Vaughan* v. *Hill*,

154 Ark. 528, 242 S. W. 826; *Wright* v. *LeCroy*, 184 Ark. 837, 44 S. W. 2d 355; *Wasson, Bank Commr.* v. *Dodge*, 192 Ark. 728, 94 S. W. 2d 720; *Dobbins Bros.* v. *Anderson, County Judge, ante* p. 635, 135 S. W. 2d 325.

It was held in *Wright* v. *LeCroy, supra,* that the chancery court has no jurisdiction to restrain the sheriff from executing process in a proceeding of the circuit court of which the latter court had jurisdiction.

We conclude, therefore, that the court below was in error in enjoining the prosecuting attorney and other officers of the circuit court from prosecuting the suit pending in the circuit court, and that decree will be reversed and the cause will be remanded, with directions to sustain the demurrer and to dismiss the suit.

Having held that the chancery court was without jurisdiction, it becomes unimportant to determine whether the decree was correct as to what, if any, taxes were due on the liquor, or the amount thereof. *Gregory* v. *Williams*, 24 Ark. 177; *Dunnington* v. *Bailey*, 27 Ark. 508; *Prire* v. *Madison County*, 90 Ark. 118 S. W. 706; *Carter Special School District* v. *Hollis Special School District*, 173 Ark. 781, 293 S. W. 722.