## GALBREATH ET AL. VS. MITCHELL.

1. CIRCUIT COURT: *Special terms.*

    The Circuit Court may, under the statute, provide for a special adjourned term to be held after the time for holding the next regular term in another county of the circuit.

2. *Amendment of process.*

    Where, in an action of forcible detainer, the names of the parties are properly set out in the complaint and bond, but wholly omitted from the writ, the plaintiff, pending a motion to quash the writ, should be permitted to amend.

APPEAL from *Desha* Circuit Court.

Hon. J. A. WILLIAMS, Circuit Judge.

*Pindalls,* for appellant.

*Weatherford, contra.*

WALKER, J.:

Galbreath and Thomas H. Allen & Co., brought an action of forcible detainer in the Desha Circuit Court, against Mitchell and Wilcox, for several tracts of land situate in said county, of which they allege they are the legal owners and are entitled to the immediate possession; that defendants forcibly and unlawfully entered into possession of said lands and unlawfully detain the same after demand made therefor; That defendants are not entitled to the possession of any part of the land, and that said lands are worth $20,000.

The declaration was filed and a writ issued on the 22d March, 1875, directed to the sheriff to be executed, and after the execution of a statute bond, was executed by delivering to the plaintiffs the land delivered in the writ, according to the command thereof.

At the September Term of said Court, 1875, the case was, without trial, adjourned to a special adjourned term of said court to be held on the 11th day of January, 1876, at the court house in said county; at which term the defendants appeared and

Galbreath et al. vs. Mitchell.

moved the court to quash the writ of possession, because, the writ did not disclose the names of the parties, nor the cause in which it was issued, and thereupon, and before the motion to quash was considered or disposed of by the court, the plaintiffs moved to amend the writ.

The motions were considered together, and the court upon consideration sustained the motion to quash the writ, and granted an order for the restitution of the property ; from which plaintiffs appealed to this court.

Counsel for plaintiffs rely upon two grounds for reversing the decision of the court below.

*First*—That the special adjournment of the court to January, 1876, was without authority of law, and for this reason the judgment was void.

*Second*—That the court erred in refusing to permit plaintiffs to amend the writ of possession, and in quashing the same, and ordering a restitution of the property.

The first ground of objection seems not to have been presented to the court below, but is for the first time raised in this court.

The regular terms of the court were the first Mondays of March and September.   Sec. 1201, Gantt's Digest, provides that the court shall continue in session until the business therein pending is disposed of, or, until it becomes necessary to adjourn the court in order to reach the court next to be holden in his Circuit.

Sec. 1164, provides, that a special adjourned term of any court may be held in continuance of the regular term, upon its being so ordered by the court or judge in term time, and entered by the clerk on the records of the court.

It is contended by counsel, that sec. 1201, is a limitation upon sec. 1164, so far as to prohibit the court from adjourning beyond the time fixed for holding the next regular term in some other county.

Such we think is not the case, but that sec. 1164, without reference to the time fixed for holding the court, or, of their continuance in session, was intenedd to confer power upon the court in its discretion, to fix a time for holding a special term at any time between the adjournment of the term then being held, and the next regular term of the same court.

It has not escaped the observation of the practitioner, that temporary delays for the lack of witnesses, or other cause may prevent a trial at a regular term, which it is important to the parties litigant, should be disposed of before the next regular term of the court, and it was to obviate this inconvenience no doubt, that a discretionary power was given to the court, to fix a special term, at some early day, when the case could be heard and disposed of. .

The objection to the sufficiency of the writ (admitting it to have been defective) was the proper subject of amendment.

The names of the plaintiffs and defendants were set out at length in the declaration, and the bond executed by the plaintiff, but the clerk who issued the writ, instead of setting them out at length, commanded the sheriff to deliver the "plaintiffs" posses-sion of the lands (describing them) and that he summon the "defendants" to appear and answer the complaint of the "plaintiffs."

The nature of the complaint and the names of the parties having been fully set forth in the complaint, the court should have directed the amendment to be made, the propriety of doing which was evident.

The motion to amend being before the court for consideration at the time the motion to quash was, it was the duty of the court to permit the amendment, and thereby supersede the motion to quash by curing the alleged defect in the writ.

Long before the adoption of the Code practice, as early as the decision in the case of *Mitchell* v. *Conley*, 13 Ark., 414 ; it

was held by this court proper to permit clerical omissions in writs to be amended, and the rule has since been adhered to, even in cases where the seal of the court, or name of the clerk was omitted.

The rule of practice has been recognized and adopted in our Code practice, sec. 4616 Gantt's Digest.

It is true that the question of amendments is addressed to the sound descretion of the court to which application is made, but there must in all cases be something upon which the discretion is to be exercised, something which, if permitted to be done, would prejudice the rights of the parties; but in this case, nothing of the kind could arise; on the contrary, the amendment was one which could neither cause surprise, or delay, but would tend to hasten the determination of the case.

Under the state of case presented it was error in the court to refuse the amendment, and to quash the writ.

Let the judgment be reversed and set aside, and the cause remanded, with instructions to permit the writ to be amended, and proceed with the case to hearing according to law and the opinion herein.