MARTIN et al. vs. GODWIN & Co.

1. WRITS:  *Irregular, amendable.*

A summons against several partners in the partnership name may be amended by the proper insertion of the names of the individual partners.

2. SAME:  *Defective return of service, when waived.*

A defendant can not avail himself, in the supreme court, of a defective return of service of a summons against him, when he has appeared in the circuit court and made no objection to the return there.

APPEAL from *Chicot* Circuit Court.

Hon. F. F. SORRELS, Circuit Judge.

*Valentine*, for appellant.

*Reynolds*, contra.

ENGLISH, C. J.   This suit was upon a note executed by

A. G. Martin and John W. Neal to J. R. Godwin & Co. The plaintiffs were named in the complaint as John R. Godwin, Lorenzo D. Mullens and Samuel M. McCollum, partners, under the firm name of J. R. Godwin & Co.

The writ commanded the sheriff to summon the defendants to answer the complaint of Messrs. J. R. Godwin & Co., failing to follow the complaint in setting out the names of the partners. In other respects the writ was regular and in good form. The clerk seems to have had an aversion to writing names, and especially Christian names, which is a common fault, and a very loose one under the Code practice.

At the return term the defendants filed a motion to quash the writ for variance from the complaint in the matter of the individual names of the plaintiffs.

On motion of the plaintiffs, the court permitted the writ to be amended by inserting their names so as to make it correspond with the complaint, and thereby the variance complained of was cured.

Defendants making no further defense, judgment was rendered against them for the amount of the note sued on, and they appealed.

The writ was not void, but amendable. (*Mitchell v. Conley, 13 Ark., 315.*) A more defective writ than the one now before us was held to be amendable after motion to quash, filed in *Galbreath et al. v. Mitchell, 32 Ark., 278.* See, also, *Richardson v. Hickman, ib., 407.*

In the brief of counsel for appellants, our attention is called to the fact that the sheriff's return of service upon appellant Martin, as indorsed upon the writ, is defective, and a reversal of the judgment is asked on that ground.

No motion was made in the court below to quash the return of service, but both appellants went back of the return in their motion to quash the body of the writ for variance from the complaint. Had a motion been made to quash the return, plaintiffs might have caused the sheriff to amend it, and thereby cured its defect.

It is bad practice to allow the objection here, in such case, for the first time. It should have been made in the court below. *Filer v. Robinson & Co., 30 Ark., 487; Cairo & F. R. R. Co. v. Frout, 32 ib., 28.*

Affirmed.