BURGETT *v.* WILLIFORD.

Opinion delivered May 7, 1892.

1. *Judgment—Collateral attack—Process.*

    A decree against infant defendants is valid against collateral attack where they were notified of the pendency of the suit by service on them, as well as on their guardian, of a copy of the summons in the cause directing the guardian to be summoned to answer a complaint filed against them, although the writ did not direct that the infant defendants also should be summoned to answer.

2. *Tax sale—Purchase by co-tenant.*

    While a tenant in common of lands cannot, as against a co-tenant, acquire title to the co-tenant's interest by purchase at a sale of the whole for delinquent taxes (*Cocks* v. *Simmons*, 55 Ark. 104), a title so acquired is good against strangers.

3. *Conflict of laws—Limitation of actions.*

    The period when infants arrive at the age of majority, for purposes of the statute of limitations, is determined by the law of the forum.

Appeal from Crittenden Circuit Court.

JAMES E. RIDDICK, Judge.

*W. G. Weatherford* for appellants.

The decree in the Ferguson & Hampson case is void. The court never acquired jurisdiction over the minors. They were never served with legal notice, nor does the decree recite that they were, but "as appears and is shown by the return of the sheriff, etc." A summons

must be issued to the sheriff commanding him to summon the defendants *therein named.* Mansf. Dig. secs. 4967, 4968. The defense *must* be by regular guardian if there is one, or by one appointed. No judgment can be rendered against an infant until after defense by guardian. *Ib.* 4957. The appointment of a guardian *cannot be made* until after service of summons. *Ib.* sec. 4958; 39 Ark. 61. There is no legal way to bring an infant into court except by *naming him* in the writ. See 40 Ark. 42, 56; 42 *id.* 222; 11 Humph. 191; 49 Ark. 397; 19 Wall. 570; 36 Ark. 211; 31 *id.* 493. Infants must be summoned and served, or the court has no jurisdiction and the appointment of guardian *ad litem* is void. 63 Cal. 554; 66 *id.* 53; 68 Tex. 215; 18 Wall. 350. See also *Galpin* v. *Page,* 18 Wallace; *Pennoyer* v. *Neff,* 95 U. S.; *Ins. Co.* v. *Bangs,* 103 U. S.

*U. M. & G. B. Rose* and *E. F. Adams* for appellees.

1. The appellants have not shown title to any of the tracts, in accordance with the rule in 38 Ark. 181, and hence must fail.

2. The Ferguson & Hampson decree includes the greater part of the lands. The summons is in proper form; but if not, the decree cannot be collaterally impeached. It is the judgment of a domestic tribunal of general jurisdiction, and can only be attacked by a direct proceeding. Every question involved in reference to the validity of this decree is settled by 49 Ark. 392. See also 50 Ark. 338; 13 S. W. Rep. 134. But the summons was directed to Peter L. Burgett and the minors, and was served upon them all. Courts are not disposed to encourage frivolous objections to process. See 4 Ark. 429; *ib.* 520; 6 *id.* 476; 13 *id.* 415; 14 *id.* 59; 25 *id.* 97; 32 *id.* 278; 32 *id.* 407; 34 *id.* 682; 36 *id.* 293; 37 *id.* 450; 44 *id.* 404; 45 *id.* 36; 48 *id.* 33. And if a writ is amendable, it will be considered as amended when collaterally questioned. 12 Ark. 421; 19 *id.* 306; 47 *id.* 374. The

errors in the decree are mere clerical ones ; in the com-
plaint the lands are properly described.   In such cases
mere clerical errors will be disregarded.   38 Ark. 195 ;
40 *id.* 110 ; 1 Thomps. Trials, sec. 1094.

3.   Bettie Burgett is clearly barred by limitation.
All questions of limitation are settled by the law of the
forum.   Story, Confl. Laws, sec. 577.

HUGHES, J.   This is a suit in ejectment brought by
the appellants to recover of the defendants about three
thousand acres of land in Crittenden county, which are
described in the complaint.   The cause was tried by the
court without a jury.   The court found the facts, declared
the law and gave judgment for the appellants, from which
the defendants appealed.

A decree of the Crittenden circuit court in chancery
rendered in favor of Daniel L. Ferguson and H. L.
Hampson, the vendors of the appellee, Williford's, intes-
tate, against Peter N. Burgett as administrator and
guardian of Bettie, Ida W. and Peter L. Burgett, minors,
and against the said minors as the infant heirs at law of
the said Peter N. and Elizabeth G. Burgett, both
deceased, as also the statutes of limitation of two years
and of seven years, were relied upon by the appellees to
defeat the claim of the appellants.

The Ferguson & Hampson decree was rendered upon
a complaint in equity, to which said Peter L., Bettie and
Ida W. Burgett were made parties by name as the infant
heirs at law of the said Peter N. and Elizabeth G. Bur-
gett.   A guardian was appointed for them, and appeared
and answered the complaint.   The decree in the cause
was that the claims of the defendants to the lands
described in it were clouds upon the title of the plain-
tiffs, Ferguson and Hampson, and that they be removed,
and that the title of the said Ferguson & Hampson be
quieted.   The decree has not been reversed or set aside.
It is stated by both the counsel for appellants and appel-

lees that this decree covers nearly all the lands embraced in this controversy, and that if the said decree is valid, it settles this controversy in favor of the appellees as to the lands covered by it. But the appellants attack this decree on the ground that it was rendered without jurisdiction of the minor defendants thereto. To support this contention, they say that no summons issued for said infant defendants; that they were not served with process; that the decree is therefore void for the want of notice to them.

1. When judgment not void for irregular process.

As stated above, they were named as defendants in the complaint. The summons in the record which issued in that cause with the return upon it is as follows:

" SUMMONS IN ACTION BY EQUITABLE PROCEEDINGS.

The State of Arkansas to the Sheriff of Crittenden County:

You are commanded to summon Peter L. Burgett, administrator of Peter N. Burgett, and guardian of Bettie, Ida and Peter Burgett, minors, to answer in twenty days after the service of this summons upon them, a complaint in equity filed against them, in the Crittenden circuit court, by Ferguson & Hampson, and warn them that, upon their failure to answer, the complaint will be taken for confessed; and you will make a return of this summons on the first day of next October term of said court.

[SEAL]          Witness my hand and the seal of said court, this 29th day of September, 1880.

A. H. FERGUSON, Clerk.

RETURN.

State of Arkansas, County of Crittenden.

I have this 29th day of September, A. D. 1880, duly served the within by giving a copy of the same to the within named Peter L. Burgett, as administrator and guardian of the within named Bettie, Ida and Peter Bur-

gett, minors, and giving to each of the said minors a copy of the same, as herein commanded.

W. F. BEATTIE, Sheriff,

Fees, $3.25.                    By W. F. MADOX, D. S.

Returned and filed this 29th day of September, A D. 1880.

A. H. FERGUSON, Clerk."

The recitals of the decree are as follows: "And now on this day this cause came on for hearing upon the bill and exhibits thereto and the answer of S. P. Swepston, guardian *ad litem* of the infant defendants, Bettie, Ida and Peter Burgett, herein appointed, and it appearing to the court that due and legal process of the pendency of this suit and of the filing of the bill herein, had been had upon defendants, Peter L. Burgett, as administrator of the estate of Peter N. Burgett, deceased, and as guardian of said infant defendants, Bettie, Ida and Peter Burgett, children and heirs at law of the said Peter N. Burgett and Elizabeth G. Burgett, both now deceased, in the way and manner by law required, as appears and as shown by the return of the sheriff of the county in the summons issued herein and filed."

It is insisted that there could be no valid service upon the infant defendants unless their names had been included in the summons as defendants. The omission to name them in the summons as defendants was doubtless a clerical error. The summons was amendable. *Galbreath* v. *Mitchell*, 32 Ark. 278; *Richardson* v. *Hickman*, *ib.* 407; *Martin* v. *Godwin*, 34 *id.* 682. "Where suit is defective in a matter that is amendable, it will be considered as amended when collaterally questioned." *Whiting* v. *Beebe*, 12 Ark. 421.

That the infant defendants were notified of the pendency of the suit against them by service of a copy of the summons that was issued in that cause (a copy of which, with the return thereon, appears in the record)

upon each of them, is apparent. See *McNutt* v. *State*, 48 Ark. 33. The Ferguson & Hampson decree is not void.

There were in the complaint three or four other pieces of land, not included in this decree. We are unable to find that appellants show title to or right to possession of either of these pieces, save the north half of fractional section 7, 320.44 acres, in township 4 north, range 8 east. An undivided half interest in this, with other lands, was purchased by Joel Higgins, Exr., by Mrs. E. G. Burgett, under whose will appellants claim title. Afterwards, and while Mrs. Elizabeth G. Burgett still owned her undivided one-half interest, the tract was sold on the 11th day of March, 1867, by the sheriff of Crittenden county for the taxes of 1865-6, and bought by J. M. Terry, who received a certificate of purchase for the same, and, after the expiration of the time allowed by law for redemption had expired, assigned said certificate of purchase to Mrs. E. G. Burgett, upon which a deed was made to her as assignee of Terry; and acknowledged February 16, 1871. The deed bears date June 28, 1860, which is evidently a mistake, probably made in copying. There is no objection made to this deed, except that it is said that the land was assessed to residents, and sold as the lands of non-residents are required to be sold for taxes. The tax deed recites that the land was assessed to Higgins & Randall, non-residents. So this objection falls.

2. **Validity of purchase by co-tenant at tax sale.** It is also objected that, as Mrs. Elizabeth G. Burgett had a deed for and claimed an undivided interest of one-half in the land at the time of the tax sale, she, as tenant in common with the owner of the other half, was obliged to pay the taxes, and could not suffer the land to sell for taxes, and purchase her co-tenant's interest, and thereby get a title to it. It is very true she could not, against her co-tenant. But there is no reason why she

could not thus acquire title as against strangers to whom she stood in no fiduciary relation. If her co-tenant does not complain, a stranger, to whom she stands in no relation of trust or confidence, cannot. We see no reason why the appellant's title to this tract is not good, unless their right of action was barred when their suit was begun.

This suit was brought on the 16th day of November, 1886. The appellant, Bettie Burgett, was born December 23d, 1862. Peter Burgett, one of the appellants, was born July 22d, 1866, and Ida W. Burgett, another one of the appellants, was born March 20th, 1869. It follows, therefore, that Bettie Burgett's right of action was barred before the suit was brought. The right of action of the appellants, Peter L. and Ida W. Burgett, was not barred when this suit was brought. To avoid the statute the appellants say that they were citizens of Mississippi, where the period of majority for females is the age of twenty-one years. But we understand that questions arising upon the statute of limitations must be settled according to the law of the forum.

3. Law of the forum governs as to limitation of actions.

It is also contended by the appellants that the appellee's intestate, Williford, entered a lease, which was not produced but said to be lost, as to the existence and contents of which some parol evidence was heard by the court. The court determined adversely to the appellants, and we will not disturb the finding. The evidence as to this lease was not satisfactory.

There were some errors made in the Ferguson & Hampson decree, in describing some of the land in the wrong township, which are unimportant, as the pleadings show what was intended. They were described in the complaint, which the decree followed. It follows therefore that the judgment of the Crittenden circuit court must be affirmed, except as to the one-third interest each of Peter L. and Ida W. Burgett in said N. ½ frl.

sec. 7, T. 4 N., R. 8 E., in Crittenden county. As to the said Peter L. and Ida W. Burgett, the judgment is reversed and remanded for a new trial, so far as it relates to their one-third interest each in the said N. ½ of frl. sec. 7, T. 4 N., R. 8 E.