FOSTER-HOLCOMB INVESTMENT COMPANY *v.* LITTLE ROCK PUBLISHING COMPANY.

Opinion delivered January 23, 1922.

1. EVIDENCE—BEST AND SECONDARY EVIDENCE.—In an action on an account, plaintiff's testimony that the sum sued for was for advertising in a newspaper, and that "every condition and promise was lived up to by the publishing company," without producing a copy of the newspaper, was competent if h knew that such was the fact.

2. LIMITATION OF ACTIONS—AMENDMENT OF COMPLAINT BY SUBSTITUTING PARTIES.—Where a complaint alleged that the plaintiff, the Arkansas Democrat, was a corporation engaged in printing and publishing a newspaper, an amendment to the complaint alleging that "the Arkansas Democrat" was the name of a newspaper published by the Little Rock Publishing Company, a corporation, and substituting the name of the latter as plaintiff, was admissible under Crawford & Moses' Dig., § 1239, as it worked no change in the cause of action as respects the running of the statute of limitation.

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; affirmed.

*Wm. R. Duffie,* for appellant.

The plea in abatement and motion to dismiss should have been sustained.  Open account are barred in three years.  C. & M. Digest, § 6950.

The motion to strike the amendment and plea of statute of limitations should have been sustained.  97 Ark. 19; 64 Ark. 345; 157 Ill. 218; 51 Ill. App. 457; 59 Ark. 441; 67 Mo. 420; 56 Kan. 507; 65 N. W. 583; 95 Tenn. 612; 34 S. W. 381; 63 N. W. 506.

The deposition of J. F. Keeley as to the execution of the contract was secondary evidence, and should have been excluded. The newspaper containing the advertisement was the best evidence. Jones on Evidence (Civil Cases) p. 244.

Exhibits to pleadings in equity, control the pleadings. 91 Ark. 400. The contents of exhibits to a complaint in equity, will control the allegations of the complaint. 94 Ark. 572; 99 Ark. 218; 104 Ark. 459.

In an action founded upon a written instrument, the exhibits are a part of the pleadings. 85 Ark. 223.

*H. B. Means* and *John L. McClellan,* for appellee.

There was no error in allowing the plaintiff to amend its complaint. C. & M. Digest, § 1229. See also, 78 Ark. 350; 94 Ark. 347.

Smith J. This suit originated in the court of a justice of the peace in Hot Spring County by the filing of a complaint which alleged that "the plaintiff alleges that the Arkansas Democrat is a corporation engaged in printing and publishing a newspaper at Little Rock in the State of Arkansas, and is doing business under the laws of said State." It was further alleged that the defendant, a co-partnership composed of J. B. Foster and Blaine Holcomb, was indebted to the plaintiff in the sum of $50, as shown by an account attached to the complaint and marked Exhibit "A" and made a part thereof. The exhibit reads as follows:

"Little Rock, Ark., October 11, 1919.
"Foster-Holcomb Investment Co.

"To Little Rock Publishing Co., Publishers Arkansas Democrat, Dr.

"To balance as per statement rendered for advertising during Oct. 16, 1916, to publishing advertisement in Arkansas on Wheels edition,......$50.00."

Summons was issued October 14, 1919, which was two days before the cause of action would have been barred by the statute of limitations.

There was a judgment in the justice court for the plaintiff, and the defendant has appealed.

On July 19, 1920, the defendant filed in the circuit court a plea in abatement and a motion to dismiss the action because the name, "Arkansas Democrat," was not a name under which a suit could be prosecuted. On the same day the Arkansas Democrat filed an amendment to the complaint, alleging that it was a newspaper owned and controlled by the Little Rock Publishing Company, a corporation, and the name of that corporation was substituted as plaintiff. Thereupon the defendant filed a motion to strike out the amendment to the complaint, because the three-years statute of limitations had run, and because the amount sued for was not within the original jurisdiction of the circuit court. This motion was over-ruled, as was also a demurrer to the jurisdiction of the circuit court.

There was a trial and verdict for the amount sued for, and judgment was rendered thereon, from which is this appeal.

The plaintiff's case was made by the deposition of one J. F. Keeley, who testified that the sum sued for was due for advertising in a special issue of the Arkansas Democrat, a daily newspaper published in the city of Little Rock, and that "every condition and promise was lived up to in every way" by the publishing company. It was objected that this was secondary evidence, and should have been excluded as such. We do not think the objection is well taken. It is true the witness did not produce a copy of the paper containing the advertisement, but there could be no objection to the witness stating that the advertisement was published, if the witness knew that such was the fact.

We think the court properly permitted the amendment to the complaint. Our statute on amendments is very broad, and has been given a very liberal construction by the courts to effectuate its manifest purpose, that is, that litigation may be tried upon its merits. This

statute is as follows: "The court may, at any time, in furtherance of justice, and on such terms as may be proper, amend any pleadings or proceedings by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved." · Crawford & Moses' Digest, § 1239.

Among numerous other cases construing this statute is the case of *Midland Valley Rd. Co.* v. *Ennis*, 109 Ark, 206, where we said: "Under this section the court may, in its discretion, before the commencement of the trial, allow a complaint to be amended so as to change the cause of action to another one which might have been joined in the same action; and at any time during the progress of the trial may permit an amendment which does not change substantially the claim, so as to conform to the facts proved. The only limitation in the statute is that, after the proof is introduced, the pleadings can not be amended so as to substantially change the cause of action."

See also, *American Bonding Co.* v. *Morris*, 104 Ark. 276: *Oak Leaf Mill Co.* v. *Cooper*, 103 Ark. 79; *Coleman* v. *Bercher*, 94 Ark. 345; *Bloom* v. *Home Ins. Co.*, 91 Ark. 367; *Parry* v. *Woodson*, 84 Am. Dec. 51.

Appellants cite and reply upon the case of *Curators of Central College* v. *Bird*, 148 Ark. 323. There suit was commenced by "Curators of Central College." It was objected that the suit was not brought by any proper party. The names of the curators were not set out, nor was there any showing that the plaintiff was a corporation. We there said: "It goes without saying that suits must be instituted or defended by persons either natural or artificial. 'Curators of Central College' is not a designation or description of any person either natural or artificial.

There being no party plaintiff or appellant, there is no cause of action or appeal therefrom pending in this court."

But here there was a showing that the plaintiff was a corporation. The complaint filed in the justice court alleged that the Arkansas Democrat was a corporation. This allegation was erroneous in that the name "Arkansas Democrat," was not the name of the corporation, but was the name of the newspaper published by the corporation; and the court was warranted in permitting this error to be corrected, as it worked no change in the cause of action sued on.

It follows, therefore, that the making of this amendment was not the institution of a new suit, and appellant's pleas, that the cause of action was barred, and that the cause of action was not within the jurisdiction of the circuit court, were properly overruled. Judgment affirmed.