CHICAGO MILL & LUMBER COMPANY v. LAMB.

Opinion delivered May 30, 1927.

1. PROCESS—ERROR IN SUMMONS.—Where a summons in a personal injury action in Prairie County was erroneously directed to the sheriff of that county instead of to the sheriff of Phillips County, who served the summons on defendant's agent in the latter county, the error was merely clerical, which could be corrected on motion.

2. PROCESS—WAIVER OF DEFECT IN SUMMONS.—The defect in summons was waived by defendant in filing an answer after the motion to quash the summons was overruled, where defendant did not preserve the point that the motion had been improperly overruled.

3. MASTER AND SERVANT—DUTY TO FURNISH SAFE PLACE.—In an action for injury sustained by an employee at a sawmill, who was struck in the eye by a piece of wood, evidence held sufficient to support a finding that the employer was negligent in failing to use ordinary care to furnish a reasonably safe place in which to work.

4. DAMAGES—WHEN AWARD FOR PERSONAL INJURIES NOT EXCESSIVE.—The verdict awarding $3,000 to a sawyer in a sawmill for injury to his eye, resulting in 50 per cent. reduction of the vision and causing severe aches and pains in his head and eye, causing him to lay off from work frequently, and resulting in his discharge, though he was subsequently employed by another sawmill company at a larger salary, held not excessive.

5. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—The appellate court, in testing the legal sufficiency of evidence to sustain a verdict awarding damages for personal injuries, must view the evidence in a light most favorable to the plaintiff.

Appeal from Prairie Circuit Court, Northern District; *George W. Clark,* Judge; affirmed.

*Moore, Walker & Moore,* for appellant.

*J. M. Jackson* and *Bogle & Sharp,* for appellee.

SMITH, J. Appellee brought this suit to recover damages to compensate an injury sustained by him while employed as a sawyer by the appellant company at its mill in West Helena, Phillips County. The suit was filed in Prairie County, and the summons was directed to the sheriff of that county, but was sent to and served by the sheriff of Phillips County on appellant's designated agent for service in Phillips County, where the said agent was actually found and served by the sheriff of Phillips County. A motion to quash the summons was filed upon the ground that it was not directed to the officer who served it, and that the sheriff of Phillips County had no authority to serve a summons directed to the sheriff of Prairie County. It is not contended that the proper person was not served, but only that the sheriff of Phillips County had no authority to serve the summons.

Upon hearing the motion to quash, the court made an order in which it was recited that it was intended that the summons should be directed to the sheriff of Phillips County, and that it was a clerical error on the part of the clerk in not so directing it, and it was ordered that the summons be amended to read "To the sheriff of Phillips County," instead of "To the sheriff of Prairie County." An exception was saved to this order of the court.

We think no error was committed in this ruling. Section 1239, C. & M. Digest, provides that:

"The court may, at any time, in furtherance of justice, and on such terms as may be proper, amend any pleadings or proceedings by adding or striking out the name of any party, or by correcting a mistake in the

name of a party, or a mistake in any other respect, or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved.''

By section 1242, C. & M. Digest, it is provided that:

''The court must, in every stage of an action, disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect.''

In the case of *Campbell* v. *Stiles,* 9 Mass. 216, a writ directed to the sheriff of Franklin County was served and returned by the sheriff of Hampden County, and it was held that this was a mere clerical error, which could be corrected on motion. See also Alderson on Judicial Writs and Process, p. 43.

Moreover it appears that, after the motion to quash was overruled, appellant filed an answer containing a general denial of all the allegations of the complaint, but which did not preserve the point that its motion to quash had been improperly overruled. This being true, it must be held that, if there was a defect in the process, it was waived by the answer, which did not preserve the point. *Barry* v. *Armstrong,* 161 Ark. 314, 256 S. W. 65.

It is next insisted that the verdict of the jury, which was in plaintiff's favor, is contrary to the evidence.

The testimony on behalf of plaintiff was to the effect that he was employed to operate a ripsaw, and that he was so engaged at the time of his injury. That, to dispose of the waste wood or offal from the various machines operated in the mill, the defendant operated a machine known as a hog, which is a piece of machinery used in grinding or cutting up the waste wood, which is carried from the hog by a conveyor, where it is destroyed by fire. A number of rubber bands are suspended from the top opening of the hog to the floor on which it rests, to prevent particles of wood from being thrown from inside. the hog, but which bands had become worn and some of

them had been knocked off, and those remaining were in a defective condition to such an extent that they would not prevent, and did not prevent, pieces of wood from being thrown from inside the hog, as the belts would have done had they not been in a defective condition, and, because of this defect, a piece of wood was thrown from the hog a distance of twenty-five or thirty feet, which struck plaintiff in the eye.

There was testimony to the effect that other pieces of wood had been thrown from the hog, one of which struck and injured another employee, and that the attention of the foreman of the mill had been called to this defect, and he had promised to repair it.

The testimony on the part of the defendant was to the effect that the piece of wood which struck plaintiff did not come from the hog, but from another machine, and that his injury was due to an accident which ordinary care would not have avoided. This conflict in the testimony is concluded by the verdict of the jury.

The case appears to have been submitted to the jury under correct instructions, and the testimony is sufficient to support the finding that defendant was negligent in failing to use ordinary care in furnishing plaintiff and other employees a reasonably safe place in which to work.

It is finally insisted that the verdict of the jury, which was for the sum of $3,000, is excessive. Appellee's testimony was to the effect that the piece of wood struck his eye with such force as to burst the ball, and that he suffered continuously for a year after his injury, and still suffered at frequent intervals from severe aches and pains in his head and eye. An eye specialist testified that plaintiff had recovered and that his eye was well, although he admitted there was a fifty per cent. reduction in the vision, and that plaintiff was unable to read with that eye.

Plaintiff testified that, after he was able to resume work, he was frequently forced to lay off from work, as his eye hurt him so badly that he could not work, and that he was finally discharged by defendant company. Plain-

tiff admitted that he was later re-employed by another sawmill company at a larger salary, notwithstanding his impaired vision.

We have stated the testimony in the light most favorable to plaintiff, as we are required to do in testing its legal sufficiency to support the verdict, and, as thus viewed, we are unable to say that the verdict is excessive.

As no error appears, the judgment must be affirmed, and it is so ordered.