WELLS *v.* HUNTER

Opinion delivered December 7, 1931.

*W. A. Leach,* for appellant.
*George C. Lewis,* for appellee.

McHANEY, J. On April 20, 1923, appellees, who are nonresidents, executed and delivered to J. M. Peterson their promissory notes aggregating $11,000, secured by a mortgage upon their rice farm in Arkansas County. Appellees also executed a note and second mortgage on the same property to an Iowa bank with which appellants seemed to have been connected. Default having been made in the payment of the Peterson notes and mortgage, suit was brought to foreclose, and a receiver was appointed, who took charge of the rice farm and leased same for the year 1925. Appellants acquired the Peterson notes, and the suit to foreclose was abandoned, but the receivership was continued for the purpose of receiving and distributing the proceeds of the 1925 crop. In November, 1925, appellants brought suit to foreclose the Peterson mortgage, making the second mortgagee a party, which resulted in a decree of foreclosure both on the suit of appellants and the cross-complaint of the holder of the second mortgage, and the property was sold to the appellants on their bid of $13,000, a sum slightly less than was due them. This sale was confirmed in February, 1926, and deed executed and delivered to appellants. Appellees were not personally served, but, being non-residents, were served by warning order. In December, 1927, within the two years allowed under § 6266, Crawford & Moses' Digest, the appellees appeared and moved for a retrial under the statute, stating that the receiver

had collected a considerable sum of money for the 1925 rice crop which should have been applied to the satisfaction of their debt in liquidation of the difference between the amount of appellants' bid and the judgment against the land, and the remainder to the satisfaction of the second mortgage, and praying that the decree and sale be set aside and that appellants be required to account not only for the amount they had wrongfully had from the receiver, but for all rents subsequently collected. It appears that appellee had procured a satisfaction of the decree in favor of the Iowa bank on its second mortgage and that appellants took possession of the rice farm under the sale aforesaid, and thereafter continued in possession thereof, claiming title thereto under said sale, collecting the rents and profits. No response was filed by appellants to the motion of appellees for a retrial under the statute until January 19, 1931, during which time depositions were taken on both sides which tended to show that appellants were claiming to own the land under their purchase at the foreclosure sale and entitled to the rents and profits. The appellee, Mr. Hunter, testified that he had made demand on the appellants for an accounting, which was refused on the ground that it was none of his business. In their response filed on the 19th day of January, 1931, appellants changed their former position somewhat by admitting that they were only mortgagees in possession, agreed that the sale be set aside, and offered to account for all moneys had from the receiver and all crops raised during the subsequent years of their possession. Thereupon appellees, by leave of court, amended their petition so as to ask only for a judgment against appellants for the surplus of the proceeds of the rice crop of 1925, after deducting the amount of appellants' bid from the judgment against them.

On a trial, the court found in favor of appellees in the sum of $2,922.67, with interest from March 21, 1926, which was made a lien on the land.

Appellants' contention on this appeal is that the court erred in allowing the filing of the amendment to appellees' motion for the reason that the cause had been

fully developed on the issues raised by the pleadings, and that the amendment was an abandonment of the motion to retry the cause, and was the commencement of a new and independent action not permitted or authorized by § 6266, Crawford & Moses' Digest. This section provides: "Where a judgment has been rendered against a defendant or defendants constructively summoned and who did not appear, such defendants or any one or more of them may at any time within two years, and not thereafter, after the rendition of the judgment, appear in open court and move to have the action retried; and, security for the costs being given, such defendant or defendants shall be permitted to make defense, and thereupon the action shall be tried anew as to such defendant or defendants as if there had been no judgment, and upon the new trial the court may confirm, modify or set aside the former judgment, and may order the plaintiff in the action to restore to any such defendant or defendants any money of such defendant or defendants paid to them under such judgment, or any property of such defendants obtained by the plaintiff under it and yet remaining in his possession, and pay to the defendant the value of any property which may have been taken under an attachment in the action or under the judgment and not restored; provided the provisions of this section shall not apply to judgments granting a divorce except so far as relates to alimony."

We cannot agree with appellants in this contention. What was sought to be accomplished in the original motion was an accounting by appellants for all they had received while in possession of the land, either through the receiver or under purchase at the foreclosure sale, and that the amount found to be due by such accounting be applied in satisfaction of the debt owing to them by appellee, their purpose being an effort to get back their land. The only thing accomplished by the amendment was to reduce the period of time for which an accounting was asked. This does not change the nature of the relief asked by appellees, but only the amount of such relief. Appellees made no contention that the amount of their

indebtedness was improperly adjudicated, but only that that indebtedness should have been reduced by the rents and profits for the years 1925, 1926, 1927. By the amendment they eliminated their request for an accounting for all years except 1925, and we fail to see wherein they have been prejudiced by the action of the court in permitting such amendment. We fail to see that the amendment stated a new cause of action or materially changed the old one, except to narrow the relief sought. As said by this court in *Foster-Holcomb Inv. Co.* v. *Little Rock Pub. Co.,* 151 Ark. 449, 236 S. W. 597: "We think the court properly permitted the amendment to the complaint. Our statute on amendments is very broad, and has been given a very liberal construction by the courts to effectuate its manifest purpose, that is, that litigation may be tried upon its merits. This statute is as follows:

" 'The court may, at any time, in furtherance of justice, and on such terms as may be proper, amend any pleadings or proceedings by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. Crawford & Moses' Digest, § 1239.'

"Among numerous other cases construing this statute is the case of *Midland Valley Rd. Co.* v. *Ennis,* 109 Ark. 206, 159 S. W. 214, where we said: 'Under this section the court may, in its discretion, before the commencement of the trial, allow a complaint to be amended so as to change the cause of action to another one which might have been joined in the same action; and at any time during the progress of the trial may permit an amendment which does not change substantially the claim so as to conform to the facts proved. The only limitation in the statute is that, after the proof is introduced, the pleadings cannot be amended so as to substantially change the cause of action'." See also cases there cited.

It will be seen that the statute expressly provides: "Upon the new trial the court may confirm, modify or set

aside the former judgment and may order the plaintiff in the action to restore to any such defendant or defendants any money of such defendant or defendants paid to them under such judgment,'' etc. The appellants, by order of court, had been paid a large sum of money by the receiver, to which they were not entitled, having bid $13,000 on a judgment for $14,340.82, and the order of the court here restores to appellees such excess.

No contention is made by appellants that the amount adjudged to be due by the decree of the court is incorrect. We have reached the conclusion that the court correctly permitted the amendment under the above statute, and the decree is accordingly affirmed.