Evans *v.* List.

4-4384

Opinion delivered October 19, 1936.

*E. W. Brockman,* for appellant.
*Danaher & Danaher,* for appellees.

HUMPHREYS, J. Appellant brought this suit in the circuit court of Jefferson county against George W. List, trading as List Laundry, on November 17, 1932, to recover on open account $589.60 for installing a set of gas burners and controls in the laundry and for the value of a valve tank, pipe fittings and a steam trap, which were included in the total sued for.

It was ascertained, after the institution of the suit, that the items sued for were billed and delivered to George W. List, trading as List Laundry, for the use and benefit of American Excelsior Laundry Company, which latter company operated its laundry under the trade name of George W. List, trading as List Laundry. Thereupon, by amendment to the complaint filed March 15, 1935, the American Excelsior Laundry Company was made party defendant. The original suit brought against George W. List, trading as List Laundry, was, in effect, brought against American Excelsior Laundry Company, as it was conducting its business under the trade name of List Laundry. According to the undisputed evidence, they were one and the same party. The effect of the amendment was to substitute the real corporate name of the only party in interest. The amendment was not a suit against a new and different party or the addition of a new and different party, so the suit must be treated as originally brought against American Excelsior Laundry Company on the date same was filed against George W. List, trading as List Laundry. The original suit was brought within three years after the installation, and its plea that the cause of action was barred when

the suit was brought has no foundation in fact, and it is without merit. *Foster-Holcomb Ins. Co.* v. *Little Rock Publishing Company,* 151 Ark. 449, 236 S. W. 597. In the instant case, when mere form is disregarded, no new party was brought in by amendment. The effect of the amendment was to correct the name of the party originally sued.

The only other defense interposed to the action is that the minds of the parties never met upon a contract for furnishing the burners and controls. According to the undisputed proof, the burners were installed under a guaranty that they would make plenty of steam to operate the plant just like it was going at a saving of ten or twenty per cent. for gas. The first unit of burners installed did not produce enough steam to operate the plant, so, without objection on the part of appellee, appellant installed as many units as was necessary to operate the plant, which required thirty-six burners, eighteen more than he first estimated. Appellant testified that after installing thirty-six burners, the plant was operated at a saving of about twenty per cent. for gas, and no witness contradicted his statement. He was corroborated by the books of the gas bills rendered appellee by the gas company. The witnesses introduced by appellee did not know enough to say whether there was a saving of gas. Appellant testified that the first eighteen burners were sold to appellee for $240 and were to be installed for $30. Witness List testified, on behalf of appellee, that appellant was to furnish all the burners necessary to operate the laundry at a saving of ten or twenty per cent. for gas for the sum of $140. The only difference between appellant and George W. List was whether appellant should receive pay for all the burners he installed or whether he was to receive only $140 for installing as many burners as were needed to operate the plant. On account of this dispute, the court sitting as a jury, refused to render a verdict in favor of appellant for any amount. This was error, because appellee admitted an indebtedness of $140 for the burners which were installed if they produced the necessary steam to

operate the plant at a saving of ten or twenty per cent. for gas. He should have found that, according to the undisputed facts, appellant was entitled to $140 for the burners and $30 for installing them, and, as stated above, the undisputed evidence reflects that, when installed, they furnished sufficient steam to operate the plant at a saving of ten or twenty per cent. for gas.

The undisputed evidence also reflects that appellee, through its manager, ordered and received a valve tank, pipe fittings, and a steam trap, costing $20.50.

Eliminating all disputed facts in the record, still, according to the undisputed facts, appellant is entitled to a total sum of $190.50, with interest at the rate of 6 per cent. per annum from April 16, 1930, to this date.

The judgment is therefore reversed, and judgment is directed to be entered herein in favor of appellant against American Excelsior Laundry Company for said sum, with interest.