

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Weaver Moore, Chairman
Committee on State Affairs
Texas Senate
Austin, Texas

Dear Sir:

Opinion No. 0-3310
Re: Constitutionality of S.B. 344
authorizing commissioners' courts
to create airport districts and
levy a special tax of five cents
on $100 valuation to establish
and maintain airports.

We have received your request for our opinion on
the constitutionality of Senate Bill No. 344 of the current
session. This bill, exclusive of the title and enacting and
emergency clauses, reads as follows:

"Section 1. The commissioners' court of
any county in this state is hereby authorized
to establish within the boundaries of such county
an airport district of such area as the commis-
sioners' court may determine to be necessary for
such purposes, and to levy and collect a special
tax for airport purposes upon property situated
within such district, such tax not to exceed for
any one year five cents (05¢) on each one hundred
dollars ($100) valuation. The proceeds of such
tax shall be devoted to the purpose of establish-
ing, improving, operating, maintaining and con-
ducting any airport which the commissioners'
court may establish within such district, and for
the purpose of providing all suitable structures
and facilities in connection with the operation
of such airport."

The only taxing districts, exclusive of counties
and municipalities, authorized by the Texas Constitution are
school districts provided for by Article 7, Section 3; dis-
tricts for the conservation and development of natural re-
sources authorized by Article 16, Section 59; and districts
for navigation, irrigation, drainage and roads authorized by
Article 3, Section 52 of the Constitution. There exists no
constitutional authority for the creation of special districts

and the levying of taxes thereby for the purpose of constructing airports.

Article 8, Section 9 of the Constitution of Texas provides:

"Sec. 9. The State tax on property, exclusive of the tax necessary to pay the public debt, and of the taxes provided for the benefit of the public free schools, shall never exceed thirty-five cents on the one hundred dollars valuation; and no county, city or town shall levy more than twenty-five cents for city or county purposes, and not exceeding fifteen cents for roads and bridges, and not exceeding fifteen cents to pay jurors, on the one hundred dollars valuation, except for the payment of debts incurred prior to the adoption of the amendment September 25th, 1883; and for the erection of public buildings, streets, sewers, water works and other permanent improvements, not to exceed twenty-five cents on the one hundred dollars valuation, in any one year, and except as is in this Constitution otherwise provided; and the Legislature may also authorize an additional annual ad valorem tax to be levied and collected for the further maintenance of the public roads: provided, that a majority of the qualified property tax-paying voters of the county voting at an election to be held for that purpose shall vote such tax, not to exceed fifteen cents on the one hundred dollars valuation of the property subject to taxation in such county. And the Legislature may pass local laws for the maintenance of the public roads and highways, without the local notice required for special or local laws."

In construing Article 8, Section 9, above quoted, the Supreme Court of Texas in Carroll v. Williams, 109 Tex. 155, 202 S.W. 504, declared at p. 509:

"* * *, beginning in our Constitution of 1876 and running through the amendments of 1893, 1890 and 1907, the specific designation in section 9 of article 8, supra, of general classes of purposes of county, city or town taxation, with a limited rate in each instance, was both a departure from the original plan and a progressive growth. That change and that development, when considered together, disclose, we

think a settled determination upon the part of
our people, not only to fix the maximum rates
of taxation for the designated purposes, respec-
tively, but, incidentally, to restrict to each
such purpose the application and expenditure
of all tax money levied, assessed, and collected
declaredly for that purpose. <u>Thus the whole
matter has been placed beyond the power and
authority of the commissioners' court, and even
of the Legislature itself, by the embodiment of
those far-reaching requirements in our organic
law."</u>  (Emphasis ours).

The Texas Supreme Court in Mitchell County v. Bank,
91 Tex. 361, 43 S.W. 880, used the following language in con-
struing Article 8, Section 9 (which was quoted with approval
by the Commission of Appeals in 1921 in the case of Houston
v. Gonzales Independent School District, 229 S.W. 467):

"* * *. Section 9 confers no authority
upon any officer of a city or county to levy a
tax for any purpose, but the language 'no county,
city, or town shall levy more than one-half of
said state tax * * * and for the erection of
public buildings not to exceed fifty cents on the
one hundred dollars in any one year,' places a
prohibition upon the power of the legislature to
authorize counties to impose tax for such purposes."

In The City of Ft. Worth v. Davis, 57 Tex. 225, at
p. 232, the Supreme Court declared that a school district
must rely on express constitutional authority for its taxing
power:

"So the 9th section of the article  (VIII)
on taxation carefully prescribes the limit to
state, county and city taxation, except for the
payment of debts then already incurred 'and ex-
cept as in this constitution is otherwise pro-
vided.' <u>These repeated and guarded constitutional
limitations of the taxing power are a prominent
feature of that instrument, and are inconsistent
with the existence of a legislative power to
authorize additional taxation by school districts,
unless some affirmative grant of that power be
found in the constitution itself.</u> * * *.  Our
conclusion is that the city of Ft. Worth, in its
capacity as a school district, had no other power
to levy taxes for the support of public schools
than can be found expressly authorized in the
constitution."  (Emphasis ours).

For additional cases declaring that Article 8, Section 9 limits the Legislature's power to authorize political subdivisions to levy taxes in excess of the amounts and for the purposes therein prescribed, except as express authority may be found elsewhere in the Constitution, see:  City of Henderson v. Fields, 258 S.W. 523;  Gould v. City of Paris, 68, Tex. 511;  Commissioners' Court v. Pinkston, 295 S.W. 271, Anderson v. Parsley, 37 S.W. (2d) 358; Seydler v. Border, 115 S.W. (2d) 703.

In our Opinion No. 0-3142 we held that Article 1269h, Vernon's Annotated Civil Statutes, confers authority upon the Commissioners' Court of a County to establish and maintain an airport out of the permanent improvement fund of the county. But we are unable to find any constitutional authority for the levy of a tax in addition to that authorized by Article 8, Section 9 for airport purposes, whether such tax be levied by the county itself or by any subdivision thereof.  Consequently, it is our opinion that Senate Bill No. 344 of the 47th Legislature is unconstitutional in that it seeks to authorize a tax in excess of the limits prescribed by Article 8, Section 9 of the Texas Constitution.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Walter R. Koch
Walter R. Koch
Assistant

WRK:RS:wc


APPROVED APRIL 26, 1941
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman