**TAYLOR v. MAGNOLIA PIPE LINE CO.**
Civ. No. 2300.

United States District Court
E. D. Arkansas, W. D.

Oct. 23, 1951.

J. Ingram Purtle, Conway, Ark., Eichenbaum, Walther & Scott, Little Rock, Ark., for plaintiff.

Armistead, Rector & Armistead, Little Rock, Ark., for defendant.

LEMLEY, District Judge.

This cause, removed from the Circuit Court of Faulkner County, Arkansas, comes on for hearing upon the defendant's motion to quash the summons issued by the Clerk of said Court, and the plaintiff's substituted motion to amend the summons. These motions have been submitted upon briefs, oral testimony, a stipulation entered into between the respective parties, documentary evidence, the depositions of two witnesses taken by the defendant, and oral argument. The facts are not in serious dispute, and many of them have been stipulated. They are as follows:

On June 15, 1951 the plaintiff filed suit against the defendant, a foreign corporation, in said court to recover damages alleged to have been sustained to his lands and crops by the negligence of the defendant. The complaint correctly designated the plaintiff and the defendant as did the caption and reverse side of the summons. In the body of the summons, however, the sheriff was commanded to summon "H. M. Armistead, Pyramid Bldg., Little Rock" to answer the complaint filed against "him" by the plaintiff. Mr. Armistead is one of the defendant's attorneys and is its designated agent for service in Arkansas. This summons was mailed to the Sheriff of Pulaski County, Arkansas and was, on June 18, 1951, delivered by one of his deputies to Mr. Armistead at his law office in the Pyramid Building in Little Rock. On the same day Mr. Armistead received by mail from the plain-

tiff's attorney a copy of the complaint. The deputy sheriff made return on the summons showing that on the 18th day of June he had served the same by delivering a copy and stating the substance thereof to the "within named Magnolia Pipe Line Co. by delivering a true copy of the same to Mr. H. M. Armistead designated agent for service at his usual place of business in said county * * * as I am within commanded."

After removal, the defendant filed a motion to quash the summons purported to have been served on the defendant for the reason that "the summons is invalid in that it does not summons the defendant, Magnolia Pipe Line Company, to answer the complaint filed in the Circuit Court of Faulkner County, Arkansas." Thereafter, plaintiff filed a motion, and later a substituted motion, to amend the summons in the latter of which he prayed that the words in the original summons, "H. M. Armistead, Pyramid Bldg., Little Rock," be stricken out and that there be substituted therefor the words "Magnolia Pipe Line Company."

At some time after the suit was filed in the state court, someone undertook to alter the original summons on file in the office of the Clerk of that Court by striking out the words, "Pyramid Bldg., Little Rock," and inserting immediately following Mr. Armistead's name the words, "designated agent for service for the Magnolia Pipe Line Co." There is some mystery surrounding the identity of the person who made this alteration and we are unable to say who made it. It has been stipulated that neither the Circuit Clerk of Faulkner County nor his deputy did it. The depositions of two deputy sheriffs of Pulaski County were taken by the defendant, and in the course of their examination they submitted specimens of the words in question written on the two typewriters in the Sheriff's office. There is considerable resemblance in the typewriting of one of these specimens and the typewriting appearing on the return on the original summons, which was admittedly written in the Sheriff's office. We are not experts on the identity of typewriting, however, and we are unable to say that the alteration was in fact made in the Sheriff's office. While the identity of the person who made the alteration cannot be established with a reasonable degree of certainty, we do not deem that fact of controlling importance.

The parties stipulated further that when Mr. Armistead received the summons and the copy of the complaint, he was aware of the fact that suit had been filed against the defendant in the Circuit Court of Faulkner County.

There is no question that the summons, as originally issued, was defective in that it commanded the Sheriff to serve Mr. Armistead individually, instead of commanding him to serve the Magnolia Pipe Line Company. Plaintiff contends, however, that he is entitled to amend the summons, whereas the defendant argues that the summons was and is a complete nullity and is not subject to amendment. In this connection defendant says in its reply brief "that Magnolia Pipe Line Company has not yet been summoned in the action filed in the Faulkner Circuit Court and removed to this Court. In other words, the action has not been commenced."

Ordinarily, the defect in the summons would give little practical difficulty, for the plaintiff could simply sue out an alias writ correctly designating the corporate defendant. In the instant case, however, apparently at least, the suit was filed in the state court only thirteen days before the attachment of the bar of the applicable statute of limitations, and if the plaintiff in fact failed to "commence his action" before such attachment, his claim may be barred.

No case has been found which we consider to be squarely in point on the question now before us. The liberal policy toward amendments of process, however, which the Supreme Court of Arkansas has pursued in an unbroken line of cases arising under the present statute dealing with amendments, Ark.Stats. 1947, § 27–1160, and prior to the enactment of said statute as part of the old Civil Code of 1868, Civil Code, § 155, leads us to the conclusion that the amendment sought by the plaintiff should be allowed, particularly in view

of the fact that there is no question here of the defendant's having been mislead by the defect in the summons. The complaint correctly named the parties, and they were likewise correctly designated in the caption and on the reverse side of the summons. Moreover, as stated, it has been stipulated that Mr. Armistead, who is not only the defendant's designated agent for service but its attorney as well, knew as soon as he received a copy of the complaint, which had been mailed to him, that the Magnolia Pipe Line Company was the party being sued.

The pertinent part of the Arkansas statute above referred to dealing with amendments reads as follows: "The court may, at any time, in furtherance of justice, and on such terms as may be proper, amend any pleadings or proceedings by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case; * * *. And whenever any proceeding taken by a party fails to conform in any respect to the provisions of this Code, the court may permit an amendment of such proceeding, so as to make it conformable thereto. * * * The court must, in every stage of an action, disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party * *."

While this statute does not in terms refer to process, it has been construed so as to authorize the amendment of process as well as pleadings and other documents. Lowenstein v. Gaines, 64 Ark. 499, 43 S.W. 762; Chicago Mill & Lumber Co. v. Lamb, 174 Ark. 258, 295 S.W. 27.

Even before this statute was enacted, the Supreme Court of Arkansas had held in several cases that process was amendable to correct defects which appear to us to be as serious as the defect involved in the instant case. Anthony v. Beebe, 7 Ark. 447; Whiting v. Beebe, 12 Ark. 421; Mitchell v. Conley, 13 Ark. 414; Thompson v. McHenry, 18 Ark. 537; Fisher v. Collins, 25 Ark. 97. Of these cases Mitchell v. Conley is a leading one, and the Court there said: "It is the infirmity of this branch of the law that no general rules can be laid down to govern amendments in practice. All that ought to be said is that they are allowed for the furtherance of justice; that they ought to be so allowed as not to operate as a surprise, either in matter of law or fact, and always upon notice to the party to be affected by them; that they ought to rest in the discretion of the court allowing or refusing them, and that this discretion, if reviewed at all by the appellate court, ought rather to be revised where the amendment is wrongfully refused than where it is erroneously given." 13 Ark. at page 420.

In Galbreath v. Mitchell, 32 Ark. 278, decided after this statute was enacted, the summons merely referred to the parties as "plaintiffs" and "defendants" without naming them. It was held that the trial court erred in refusing to allow amendment of the process; the Court pointed out that the complaint and bond filed in the case fully identified the parties, and that the propriety of an amendment to the process was "evident". It was pointed out that as early as Mitchell v. Conley, supra, the Court had held it proper to correct clerical errors in process by amendment, and that the rule had been adhered to, "even in cases where the seal of the court or name of the clerk was omitted."

In Richardson v. Hickman, 32 Ark. 406, the summons was held amendable where an administrator was sued but the summons failed to refer to him in his representative capacity; and a summons referring to a partnership as "Mess'rs. J. R. Godwin & Co.", without naming the partners, was held subject to amendment in Martin v. Godwin & Co., 34 Ark. 682. In Chicago Mill & Lumber Co. v. Lamb, supra, a summons directed to the sheriff of the wrong county was held to be amendable on the ground that the defect was a clerical error.

The Arkansas case which on its facts seems closest to the instant one is Burgett v. Williford, 56 Ark. 187, 19 S.W. 750. Plaintiffs in that case sued in ejectment to recover certain lands in Crittenden County; defendant, in resisting the claims of the plaintiffs, relied upon an earlier decree of the Chancery Court of Crittenden County

rendered against the plaintiffs while they were minors. It appears that in the first case an action was brought against Peter L. Burgett, as administrator of the estate of Peter N. Burgett, deceased, and guardian of Bettie, Ida W., and Peter L. Burgett, minors, and against the minors themselves, who were plaintiffs in the case under discussion. The summons in the first case directed the Sheriff to summon Peter L. Burgett as administrator and guardian of the minors but failed to command him to summon the minors themselves. After the minors reached their majority, they filed suit to recover the lands affected by the decree in the first suit on the ground that the decree against them was void because of the defective process. The Supreme Court, in rejecting their contention, said: "It is insisted that there could be no valid service upon the infant defendants unless their names had been included in the summons as defendants. The omission to name them in the summons as defendants was doubtless a clerical error. The summons was amendable. Galbreath v. Mitchell, Richardson v. Hickman, Martin v. Godwin (all supra). 'Where a suit is defective in a matter that is amendable, it will be considered as amended when collaterally questioned.' Whiting v. Beebe', supra."

Counsel for the defendant called attention in oral argument to the fact that in the Burgett case no objection was made to the defect in the summons when the original case was tried, whereas in the instant case timely objection has been made; such is doubtless true, but the Supreme Court pointed out that the defect in the summons was amendable, and had objection been made to it in the original case, as objection has been made here, it seems that the court would have been justified in allowing an amendment inasmuch as the summons was in fact served on the minors.

The cited cases demonstrate the liberality of the courts of Arkansas in allowing process to be amended. While some distinctions can be drawn between each of them and the instant case, we think that the latter falls within the spirit of those decisions, and that we should allow the amendment here. The defendant does not contend that it has been in any way mislead.

█ The statute of limitations had not run at the time the complaint was filed and the summons issued, nor had it run when the summons was served and counsel for the defendant received a copy of the complaint. One does not have a vested right in the statute of limitations until it has run in his favor. James River National Bank v. Haas, 73 N.D. 374, 15 N.W.2d 442, 154 A.L.R. 1005, 1018 and cases there cited; nor does the fact that the allowance of the amendment here may deprive the defendant of such defense afford a sufficient ground for refusing the same. Foster-Holcomb Inv. Co. v. Little Rock Publishing Co., 151 Ark. 449, 236 S.W. 597; Evans v. List, 193 Ark. 13, 97 S.W.2d 73. In this connection it is said in an annotation in 124 A.L.R. 86: "The fact that an amendment of process or pleading to change or correct the name of a party will deprive the defendant of the defense of the statute of limitations is held, in the majority of the cases, to be no reason for refusing such amendment." 124 A.L.R. page 136.

A further basis for the allowance of the amendment in this case is found in the principle laid down in 42 Am.Jur. "Process", Section 22, pages 23–24, to the effect that liberality is indulged in in the allowance of amendments to the process in such cases where the complaint correctly designates the parties. While this principle is particularly applicable in those states which require the service of a copy of the complaint along with the summons (which requirement does not exist in Arkansas), nevertheless Arkansas has apparently recognized the doctrine. In Galbreath v. Mitchell, supra, the Court laid emphasis on the fact that the parties were properly described in the complaint although not mentioned in the summons; and in Claibourne v. Smith Rice Mill Co., 181 Ark. 279, 25 S.W.2d 1050, 1052, it was held that where a summons stated that in a named and numbered cause a cross-complaint had been filed against a person summoned as well as a motion to make him a party, the summons was sufficient, although it did not

state the name of the party which filed the cross-complaint. In the course of its opinion the Court said, "It was impossible for appellant to have read the pleadings in the case mentioned in the summons without discovering the fact that a cross-complaint had been filed against him by one of the defendants in that case." In the instant case, as has been stated, the parties have stipulated that Mr. Armistead received in the mail a copy of the complaint the same day that he was served with summons, and that he was aware that the suit was against the Magnolia Pipe Line Company and not against him personally.

■ We are likewise of the opinion that when the amendment is allowed here, it will relate back to the time of the issuance of the summons. This is the general rule; 39 Am.Jur., "Parties", Section 124, pages 1002–1003; and we believe that Arkansas is in accord with that rule. Foster-Holcomb Inv. Co. v. Little Rock Publishing Co., supra, and Evans v. List, supra. Counsel for the defendant, in arguing that the amendment does not relate back, relies upon certain language of the Court in Lewelling v. Manufacturing Wood Workers Underwriters, 140 Ark. 124, 132, 215 S.W. 258, 261. In that case the appellant had sued appellee as a corporation, whereas in fact it was an unincorporated association; the lower court allowed an amendment to correctly designate the status of the defendant but decided the case in the latter's favor on the merits. In its original opinion, the Supreme Court reversed; the appellee filed a petition for rehearing and insisted that the Circuit Court had no right to allow an amendment. The Supreme Court rejected this contention and held the amendment properly allowed. The language relied on by the defendant here is as follows: "The plaintiff in his original complaint made a misnomer of the defendant. The only effect of the amendment would be to correct that mistake, and process should then be issued and directed to the defendant in its correct name. Of course, this process would then be served upon the defendant and form a new point for the commencement of the suit against it." We do not feel, however, that this

language justifies us in holding in accordance with the defendant's contentions. It does not appear that the statute of limitations was in any way involved in that case; moreover, the Lewelling case is an earlier one than the Foster-Holcomb Investment Co. and the Evans cases, in both of which the statute of limitations was directly involved, and in both of which the court held that the amendment related back to the filing of the original suit. The Lewelling case was not referred to in either of these subsequent opinions. We should, of course, follow the latest decisions of the Arkansas Supreme Court, and those decisions are to the effect that such an amendment relates back regardless of the bar of the statute of limitations.

Let plaintiff's substituted motion to amend be granted and defendant's motion to quash be overruled.