THOMPSON VS. MCHENRY.

A writ made returnable at a time other than that fixed by law is irregular, and may
    e abated. (*Jones vs. Austin*, 16 *Ark. Rep.* 336); and this, though the law making
    a change in the time of returning such writ may not have been published.
An application to amend is within the sound discretion of the Circuit Court; and so,
    where the Circuit Court refused to permit an amendment of the original writ in a
    suit by attachment, the motion to amend being resisted by the defendant and no
    notice of the intended application being given to the garnishee, this Court will not
    controul that discretion.

*Appeal from the Circuit Court of Hempstead county.*

The Hon. THOMAS HUBBARD, Circuit Judge.

GARLAND for the appellant, contended that the Court erred in
sustaining the demurrer to the replication; because, the act of
the Legislature changing the terms of the Circuit Court had not
been published, at the time of issuing the writ, so as to affect
the rights of the citizen.  1 *Domat's Civil Law, p.* 112, *secs.* 9
*and* 16; *p.* 114, *secs.* 16 *and* 23.

That the Court should always permit amendments in further-
ance of justice, and not intended to hinder or delay.  *McLar-
ren vs. Thurmon,* 3 *Eng.* 313; *Bizzell et al. vs. Stone & McDon-
ald, Ib.* 478; *Anthony vs. Humphries ad. use,* 4 *Ib.* 176; *King &
Houston vs. State Bank, Ib.* 185.

S. H. HEMPSTEAD for the appellee.

1. In this State laws take effect and operate from the date of
their approval, unless a different day be prescribed for their
commencement.  7 *Whealon* 211; 1 *Gall.* 62; 4 *Kent* 454 *to*
458.

2. The discretion of the Circuit Courts in the matter of amend-

ments will not be reviewed unless such discretion has been grossly abused to the prejudice of a party. 5 *Ark.* 663; 3 *Eng.* 315; 4 *Eng.* 187; 13 *Ark.* 417; 14 *Ib.* 59.

Mr. Justice SCOTT delivered the opinion of the Court.

The appellant sued out an original attachment, against the appellee, in the Circuit Court of Hempstead county. The writ was in the usual form, commanding the sheriff to attach the goods and chattels, etc., of the defendant, and to summon him to appear " on the 7th Monday after the 4th Monday of March, A. D. 1855," and also commanding the sheriff to summon " all and every person in whose hands or possession any such goods and chattels, etc., to appear, etc., on the 7th Monday after the 4th Monday of March, A. D. 1855."

The sheriff returned that he had executed the writ by personal service on Jacob Scoggins as garnishee, but that he could find no property of the defendant.

When this writ was issued the term of the Hempstead Circuit Court was fixed by law to be holden on the 10*th* instead of the 7*th* Monday after the fourth Monday in March.

The defendant in the attachment filed a plea in abatement interposing that objection. The plaintiff replied, admitting it to be true, but setting up that, at the time the writ was issued, the law changing the time of holding the Court, from the 7th to the 10th Monday, had not been published in such a manner as to operate as notice of the new law, either to the clerk issuing the writ, or to the plaintiff's attorney, who directed it to be issued. The defendant demurred to the replication. The Court sustained the demurrer, and quashed the writ. It appears, also, from the bill of exceptions, that the Court refused to permit the plaintiff to amend the writ.

The garnishee does not appear to have joined in the plea in abatement, or to have in any way appeared, or taken any steps whatever. The replication, it is obvious, set up nothing in avoidance of the plea. The demurrer was properly sustained. A writ made returnable at a time other than that fixed by law,

is irregular and may be abated. *Jones vs. Austin*, 16 *Ark. R.* 336.

With regard to the application to amend, which was refused, and which, we suppose, was to insert the proper return term in the writ, in lieu of the 7th Monday improperly inserted, it would have been difficult to avoid a surprise had it been allowed, under the state of case as it appears in the record.

The defendant in the attachment evinced no design to dispense with service of process and voluntarily appear to the action. (*Ferguson vs. Ross*, 5 *Ark. R.* 518–519.) On the contrary, he interposed that very objection. And the garnishee does not seem to have been even a party to that proceeding, much less did he voluntarily appear. He, at any rate, would have been sorely surprised had the writ been so amended as to have placed him in an attitude of default; because there is nothing in the record to indicate, in any manner, that he had notice of the application.

Such amendments are allowed only in furtherance of justice, and should always be refused when injustice is more likely to be done. Hence, as was said in the case of *Mitchell vs. Conley*, 13 *Ark. R.* 420, "no general rule can be safely laid down to govern amendments in practice," and "that they ought to be so allowed as not to operate as a surprise either in matter of law or fact, and always upon notice to the party to be affected by them." Had these parties been previously notified of the intended application to amend the writ, or had voluntarily appeared to that application, the Court having power, might have allowed the amendment upon such terms as would have worked no surprise and no injustice. As the case appears, however, in the record, we see no good reason for any sound conclusion that the Court below abused its undoubted discretion in the premises; and shall accordingly affirm the judgment.