FISHER v. COLLINS.

It is within the discretion of the circuit court to permit an amendment of a writ of summons made returnable at a time other than that fixed by law.

*Appeal from Sebastian Circuit Court.*

Hon. E. J. SEARLE, Circuit Judge.

WILLIAM WALKER, for appellant.

DuVAL & KING, for appellee.

COMPTON, J.

The writ of summons in this case was made returnable at a time other than that fixed by law. The defendant moved to quash and the plaintiff moved to amend. The motion to quash was overruled, and leave given the plaintiff to amend the writ, which was accordingly done, by inserting the proper return day, in lieu of that which had been improperly inserted, to which the defendant excepted, and saying nothing further, final judgment was rendered against him, and he appealed

7

In *Mitchell v. Conley, 13 Ark., 314,* the decision of the court below, permitting an amendment of the writ of summons, after plea in abatement filed, was affirmed.   This court said: " It is the infirmity of this branch of the law, that no general rules can be safely laid down to govern amendments in practice. All that ought to be said is, that they are allowed for the furtherance of justice ; that they ought to be so allowed as not to operate as a surprise, either in matter of law or fact, and always upon notice to the party to be affected by them ; that they ought to rest in the discretion of the court allowing or refusing them, and that this discretion, if reviewed at all by the appellate court, ought rather to be revised where the amendment is wrongfully refused, than where it is erroneously allowed." And in the subsequent case of *Thompson v. McHenry, 18 Ark., 537,* this court affirmed the judgment of the circuit court refusing to allow an amendment of the original writ, in a suit by attachment, made returnable at a time other than that prescribed by law, where the motion to amend was resisted by the defendant, and where the garnishee had neither voluntarily appeared, nor been notified of the application.   The decision seems to have turned upon the point that the proposed amendment would have surprised the garnishee, by placing him in an attitude of default, without notice of the application.   The court said: " Had these parties been previously notified of the intended application to amend the writ, or had voluntarily appeared to that application, the court, having the power, might have allowed the amendment, upon such terms as would have worked no sacrifice and no injustice.   As the case appears, however, in the record, we see no good reason for any sound conclusion that the court below abused its undoubted discretion in the premises."   According to these decisions, the allowance of the amendment in the case now before us, as well as the terms on which it was allowed, were matters within the discretion of the court ; and we perceive nothing in the record which would warrant us in disturbing the exercise of that fatal discretion.   The judgment is, therefore, affirmed.