LOWENSTEIN v. GAINES.

Opinion delivered December 18, 1897.

SUMMONS—AMENDMENT.—Where a summons, commanding the defendant to answer on the first day of the next spring term, unnecessarily added the words, "which will be on March 25, 1895," when the term commenced on the 1st day of April, it was an abuse of discretion to refuse to allow the summons to be amended by striking out the unnecessary clause. (Page 500.)

Appeal from Independence Circuit Court.

RICHARD H. POWELL, Judge.

*Yancey & Fulkerson*, for appellants.

The terms of the circuit courts are fixed by law, and this is notice of their times to every one. An addition of a statement that the first day of a term will fall on a certain day of a certain month is surplusage, and may be rejected. 1 Ark. 119. The writ was amendable. 13 Ark. 420; 14 Ark. 61; 22 *ib*. 364; 24 *ib*. 498; 24 Ark. 16; 25 Ark. 10; 25 Ark. 97; 32 Ark. 280; 38 Ark. 571; Sand. & H. Dig., §§ 5769, 5772; 48 Fed. 148; 32 Ark. 409; 44 Ark. 410; 47 Ark. 373; 50 Ark. 115; 48 Ark. 32.

*Rose, Hemingway & Rose*, and *Neill & Neill*, for appellees:

The writ was defective, and hence did not amount to the notice contemplated by law. 60 Ark. 158; 1 Strange, 399; 2 W. Blackstone, 845; 2 Ld. Raymond, 772. The writ is not amendable. 5 N. H. 229; 2 Rand. 1; 5 N. H. 111; 2 Johns. 190; 4 *id*. 309; 13 Pick. 90; 41 Conn. 539; 3 Ark. 387; 5 *id*. 517; 35 Ark. 337; 16 Ark. 336; 30 Ark. 494; 18 Ark. 537. There is no authority which goes further than to say that the trial court has a discretionary power of amendment in such cases. Cases *supra*.

BATTLE, J. On the 12th of December, 1894, B. Lowenstein & Bro. filed a complaint with the clerk of the Independence circuit court, who issued upon it a summons in the words and figures as follows:

"The State of Arkansas to the Sheriff of Independence County: You are commanded to summons Abner Gaines to answer on the first day of the next spring term of the Independence circuit court a complaint filed against him in said court by B. Lowenstein & Bro., and warn him that upon his failure to answer the complaint will be taken for confessed. And you will make due return of the summons on the first day of the next spring term of said court, which will be on March 25, 1895. Witness my hand and the seal of said court this 12th day of December, 1894.

"[Signed]        T. H. DEARING, Clerk."

The summons was served on the day of its issue, and was filed with the clerk on the day following. On the 3d day of April, 1895, the defendant, entering his appearance for the special purpose, moved to quash the summons, for the reason that it was made returnable on a day not authorized by law. Plaintiffs moved to amend by striking out the words, "which will be on March 25, 1895." The court sustained the former and overruled the latter motion, and dismissed the action; and the plaintiffs, after filing a bill of exceptions, appealed.

To bring a defendant within the jurisdiction of a court, process must be issued by the proper officer, warning him of the pendency of the action against him. It must be served upon him by a person authorized to do so, and in the manner prescribed by law. He may, however, submit to the jurisdiction of the court, and waive process, and the service thereof. In that case none will be necessary.

In the case at bar a summons was issued, and was served upon the defendant in due time by the sheriff, and in the manner prescribed by law. There is no objection to the service, and only one to the summons, and that is to the words, "which will be on March 25, 1895." The objection to these words is that the clerk thereby made the summons returnable on a day not authorized by law, that is to say, it should have been made returnable on the first day of the spring term of the Independence circuit court in 1895, which was the first day of April, but was made returnable on the 25th of March, 1895.

The error complained of was amendable, as held by this court in *Thompson* v. *McHenry*, 18 Ark. 537, and *Fisher* v. *Col-*

*lins,* 25 Ark. 97. The only question here is, did the circuit court err in refusing to allow the appellants to amend? The statutes of this state provide: "The court may, at any time, in furtherance of justice, and on such terms as may be proper, amend any pleadings or proceedings, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case." Sand. & H. Dig., § 5769. They further provide: "The court must, in every stage of an action, disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." *Id.* § 5772.

In the summons in question the appellee was warned to answer on the first day of the next spring term, and that, upon his failure to do so, the complaint would be taken for confessed; and the sheriff was commanded to make due return of the summons on that day, "which," the clerk unnecessarily added, "will be on March 25, 1895." The truth was, the first day of that term was the first day of April, 1895,—a week after, and the Monday following, the day specified by the clerk. It was a harmless error. If the appellee had gone to the court house on the 25th of March, 1895, he would have discovered that there was no court to be held then, but on the Monday following. The defect or error did not prejudice his substantial rights, and should have been corrected by amendment. Under the statutes the court erred and abused its discretion in refusing to allow it to be amended and in dismissing the action.

In *Dean* v. *Swift,* 11 Vt. 331, the clerk committed a similar error. The writ was made returnable to the term of the county court "next to be holden at Bennington, within and for the county of Bennington, on the second Tuesday of December, 1837," when the next term was on the first Tuesday of December. This defect was pleaded in abatement. The county court, after the plea, and on motion of the plaintiff, permitted the writ to be amended so as to be returnable on the first Tuesday of December. Mr. Justice Redfield, in delivering the opinion of the court, said: "We think the amendment was properly allowed by the county court. The writ being made returnable at the next

term to be holden, and the term being appointed by general statute, of which all the citizens of the state are bound to take notice, the time was sufficiently definite, without stating the day on which the term would begin. The statement of a wrong day might be rejected as surplusage. Hence the amendment allowed was clearly within our statute of jeofails, which provides that the several courts shall proceed and render judgment according to the right of the case, notwithstanding any 'defect or want of form' in the writ, process or other pleadings," etc.

The judgment of the circuit court is reversed, and the cause is remanded, with instructions to the court to allow the appellant to amend the summons, and for further proceedings.