SOUTHWESTERN DISTILLED PRODUCTS, INC., *v.*
TRIMBLE, JUDGE.

4-5627                                         132 S. W. 2d 173

Opinion delivered October 16, 1939.

*Brickhouse & Brickhouse* and *Vol T. Lindsey,* for petitioner.

*John K. Butt,* for respondent.

HUMPHREYS, J.   On May 4, 1939, John K. Butt, prosecuting attorney of the Fourth Judicial Circuit of the state of Arkansas, which included Benton county, filed a complaint at law in the name of the state of Arkansas and himself as prosecuting attorney of the Fourth Judicial Circuit, against the Southwestern Distributing Corporation, George Dixon and James Cole alleging that they and each of them had in their possession approximately 8,877 cases of alcoholic liquor; that each case was unstamped with the revenue stamp required by law to be affixed to the container of such liquor and that no revenue stamps were affixed to any part of said liquor, or to any container thereof, that no Arkansas state tax

of any kind had been paid on any part of said liquor; that such possession of liquor occurred in Benton county, Arkansas, and that each and every case thereof was and is liable for a state tax to the state of Arkansas in the amount of $3.36; that the owners and possessors thereof are liable to the state of Arkansas for tax thereon in the amount of $3.36 for each and every case thereof, and the defendants are liable therefor; that the total amount of tax due to the state of Arkansas on said liquor is $29,826.72; that said tax is past due and unpaid; that the welfare of the state of Arkansas and of the citizens thereof is seriously menaced and jeopardized by reason of such tax delinquency in said sum; that there are no means or methods by which to collect said tax or to secure the payment thereof to the state of Arkansas, for the use, welfare or benefit of the citizens thereof other than by impounding and confiscation of said liquor. The prayer was for the sheriff of Benton county and the Arkansas state police be directed to seize and impound all of said liquor, and to hold same subject to the orders of the court and there was a further prayer that upon a hearing the plaintiff have a judgment against the defendants for the amount of tax found to be due, in the sum of $29,826.72 and for such penalty as is or may be due and for the cost thereof and for all other legal and equitable relief appropriate and that if such judgment as may be rendered is not paid within a time to be fixed by the court said liquor be ordered sold in such manner as may be directed by the court for the satisfaction and payment of said judgment.

The liquors were seized and impounded for the purpose of collecting the taxes due the state thereon.

On May 10, 1939, before any pleadings had been filed on behalf of the defendants, the plaintiff filed an amendment to the complaint alleging that the defendant, Southwestern Distilled Products, Inc., is a corporation and organized, doing business under the laws of the state of Arkansas and that the alcoholic and intoxicating liquor mentioned in the complaint was in the possession of it and the other defendants and each of

them for the purpose of the sale thereof in case lots or at wholesale and further alleged that the Commissioner of Revenues of the state of Arkansas had failed and neglected to take or institute appropriate legal or departmental action to collect or to secure the collection of the tax due the state of Arkansas on said liquor.

On May 9, 1939, a summons was issued on the complaint against the Southwestern Distributing Corporation, George Dickson and James Cole to answer the complaint and on said date the sheriff filed a return on the summons stating that on the 9th day of May, 1939, at 6:15 p. m. he served the writ by delivering a copy and stating the substance thereof to the Southwestern Distributing Corporation, George Dickson and James Cole in person.

On June 2, 1939, the Southwestern Distilled Products, Inc., a corporation organized and existing under and by virtue of the laws of the state of Arkansas, appeared specially and for that purpose only and filed a motion to quash the summons issued in the cause alleging that a complaint was filed in the circuit court of Benton county by J. K. Butt on and in the name of the state of Arkansas against the Southwestern Distributing Corporation, George Dickson and James Cole as defendants; that on the date of the filing of said complaint, an order of seizure was issued by the Hon. J. W. Trimble as judge of said court, ordering approximately 8,877 cases of alcoholic liquor allegedly belonging to the Southwestern Distributing Corporation to be seized; that after the service of said seizure order, a summons was issued in said cause directed to the Southwestern Distributing Corporation, George Dickson and James Cole and that a return was made on the same by the sheriff of Benton county; that, under said order of seizure, property consisting of alcoholic liquors belonging to the Southwestern Distilled Products, Inc., was impounded and that at no time since the filing of said alleged complaint, service of the order and issuance and service of the summons has been served upon the Southwestern Distilled Products, Inc., or that said corpora-

tion had ever been apprised or notified in the manner prescribed by law of any action or charge pending against it and that said seizure of its goods and merchandise was unlawful and was a violation of the laws of the state of Arkansas and in violation of the Constitution, taking the property without due process of law in violation of the corporation's rights as guaranteed by the Constitution of the United States and that the attempted service on the corporation and the return thereof was defective and void and all proceedings thereunto and pertaining was void with a prayer that the court quash the order of seizure entered in said cause and to quash the summons and return thereon issued and served thereon. A hearing was had on the motion and evidence was introduced to the effect that the liquor which was seized and impounded was the property of the Southwestern Distilled Products, Inc., and responsive to the other facts alleged and set out in the motion. After hearing the evidence, the court overruled the motion to which ruling of the court the Southwestern Distilled Products, Inc., excepted.

On the 3rd day of June, 1939, the Southwestern Distilled Products, Inc., appeared specially and for the purpose only of filing a demurrer to the complaint. It alleged that the complaint did not state facts sufficient to constitute a cause of action against it and the other defendants, and also alleged that under acts 108 and 109 of the Acts of the General Assembly of Arkansas of 1935 and amendments thereto the Commissioner of Revenues was the sole and exclusive officer of the state charged with enforcing tax liabilities upon persons, firms and corporations engaged in the handling of spirituous or vinous liquors in the state of Arkansas, and also that John K. Butt, as prosecuting attorney of the Fourth Judicial Circuit, had no legal right, power or authority to file suit against it or the other defendants or any other person engaged in the liquor business of Arkansas without proceeding under § 10 of act 109, as aforesaid wherein the state Auditor has been duly designated as the proper official of the state to cause proceedings

to be instituted for the collection of the taxes and licenses imposed in said act. On the 3rd day of June, 1939, John K. Butt, on behalf of the state of Arkansas, filed the following motion:

"Comes the plaintiff and moves the court to permit plaintiff to amend the complaint herein so as to show a defendant by its proper name, and for cause alleges:

"That the complaint herein named 'Southwestern Distributing Corporation' as a party defendant. That the proper and legal designation of said defendant is not as styled in said complaint, but is properly and correctly named herein, to-wit: 'Southwestern Distilled Products, Incorporated.' That such designation of said defendant in the complaint herein was due to misinformation of plaintiff, and that such designation constitutes a mistake in the name of said party defendant. That the defendant in interest herein is in truth and fact said Southwestern Distilled Products, Incorporated, by whatever name designated in said complaint.

"That said mistake in the designation and naming of said defendant is harmless error, in that the legal and equitable rights of defendant have not been and are not prejudiced thereby, and that no substantial right of said defendant will be affected by amendment of the complaint so as to show the proper and legal title and designation of defendant.

"Wherefore, plaintiff prays that it be permitted to amend the complaint herein so as to show defendant correctly by proper name, and to correct the mistake in the name of said defendant.

"John K. Butt."

The court allowed and granted the amendment to the complaint over the objection and exception of the Southwestern Distilled Products, Inc., and overruled the demurrer of the Southwestern Distilled Products, Inc., to which the Southwestern Distilled Products, Inc., objected and excepted.

On June 9, 1939, the Southwestern Distilled Products, Inc., filed a petition for a writ of prohibition in this

court against the circuit court of Benton county and J. W. Trimble, judge, seeking to prohibit the circuit court of said county and J. W. Trimble as judge thereof from proceeding further in the cause upon the alleged ground that it had no jurisdiction of the subject matter involved or the parties defendant in the suit brought in the name of the state of Arkansas and for the benefit of the state of Arkansas and its citizens by J. K. Butt, prosecuting attorney of the Fourth Judicial Circuit, against it and the other defendants setting out in the petition all the pleadings in the cause pending in the circuit court and the evidence introduced by the Southwestern Distilled Products, Inc., in support of its motion to quash the summons in the cause pending in the circuit court of Benton county. Proper notice was given and the state of Arkansas filed a response to the petition denying that the circuit court of Benton county was without jurisdiction to proceed in the cause. The petition for prohibition and the response thereto are quite lengthy and we deem it unnecessary to set out the petition and response thereto *in extenso* in this opinion. Suffice it to say that the issues joined present the questions of whether or not the state of Arkansas might amend the original complaint by substituting the correct name of the corporation claiming to be the owner of the liquors in question instead of the name of the Southwestern Distributing Corporation which appeared in the complaint by mistake; and whether or not J. K. Butt, as prosecuting attorney of the Fourth Judicial District had authority to bring the suit in the name of the state of Arkansas for the benefit of the citizens of the state.

(1) We think under authority of § 1463 of Pope's Digest the circuit court had a right to correct the name of the corporation in possession of the liquor when seized so as to state the true name of the corporation holding the liquor. We do not think by inserting the correct name of the corporation which was inserted in the complaint by mistake affected the substantial rights of the Southwestern Distilled Products, Inc. No denial is made in the motion to quash the summons that the liquor it

claims is subject to the tax or that it had paid the tax on the liquor. It does not deny receiving the summons, but interposes the technical objection that its correct name was Southwestern Distilled Products, Inc., instead of Southwestern Distributing Corporation which appeared in the complaint and summons. Section 1463 of Pope's Digest is as follows:

"The court may, at any time, in furtherance of justice, and on such terms as may be proper, amend any pleadings or proceedings by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

Section 1466 is also authority for making the correction in the name of the corporation. Section 1466 of Pope's Digest is as follows: "The court must, in every stage of an action, disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

The effect of the amendment was to insert the correct name of the corporation in all the pleadings when the misnomer was corrected in the complaint. The correction in all the other proceedings follows as a necessary result of the correction of the misnomer of the corporate name of the Southwestern Distilled Products, Inc., in the complaint. This court ruled in the case of Lowenstein v. Gaines, 64 Ark. 499, 43 S. W. 762, that where a summons, commanding the defendant to answer on the first day of the next spring term unnecessarily added the words "which will be on March 25, 1895" when the term commenced on the first day of April, it was an abuse of discretion to refuse to allow the summons to be amended by striking out the unnecessary clause.

The real subject matter involved in this suit is the collection of the tax due the state out of the specific

property involved and is really a proceeding *in rem.* We think the court clearly had the right to seize the property and confiscate or sell it without respect to who was in possession of it or who was the owner of it. The property itself is responsible for the tax and subject to seizure and sale for the collection of the tax. The proceeding might well proceed to a conclusion without anyone being made a party. It is true that a judgment is asked against the parties who are in possession of the property and personal judgment could not be rendered against either of them without personal service, but that is only incidental to the main purpose of this suit which was to collect the tax due the state out of the liquor itself. The court had jurisdiction over the *rem* and undisputed service against two of the parties who had the liquor in possession and we think sufficient service upon the Southwestern Distilled Products, Inc., who now claims to be the owner thereof. The motion to quash the summons involved a question of fact for determination by the court. In the instant case, evidence was introduced in support of the motion to quash the summons and the court refused to quash the summons after hearing the evidence over the objection and exception of the Southwestern Distilled Products, Inc. This court said in the case of *Finley* v. *Moose,* 74 Ark. 217, 85 S. W. 238, 109 Am. St. Rep. 74, that: "If the existence or non-existence of jurisdiction depends on contested facts which the inferior tribunal is competent to inquire into or determine, a prohibition will not be granted, although the superior court should be of opinion that the questions of fact have been wrongly determined by law, and, if rightly determined would have ousted the jurisdiction." And again said in the case of *Order of Railroad Conductors of America* v. *Bandy,* 177 Ark. 694, 8 S. W. 2d 448, that: "Where the court has jurisdiction over the subject-matter, and the question of the jurisdiction of the person turns upon some fact to be determined by the court, its decision that it has jurisdiction, if wrong, is an error and prohibition is not the proper remedy." See, also, the cases of *Robinson* v. *Means,* 192 Ark. 816,

95 S. W. 2d 98; *Safeway Cab and Storage Co.* v. *Kincannon, Judge,* 192 Ark. 1019, 96 S. W. 2d 7; *Metropolitan Life Ins. Co.* v. *Jones,* 192 Ark. 1145, 97 S. W. 2d 64.

(2) Petitioner also contends that prohibition is the proper remedy because acts 108 and 109 of the Acts of 1935 conferred full power and authority upon the Commissioner of Revenues of the state of Arkansas to regulate and enforce the liquor laws in Arkansas to the exclusion of all other officers. We find nothing in those acts specifically repealing § 10889 of Pope's Digest which is as follows:

"Each prosecuting attorney shall reside in the judicial circuit for which he may be elected, and shall commence and prosecute actions, both civil and criminal, in which the state or any county in his circuit may be concerned"; nor any specific repeal of § 11984 of Pope's Digest which is as follows: "All actions in favor of and in which the state is interested shall be brought in the name of the state in the circuit court of the county in which the defendant may reside or be found, and shall be prosecuted by the prosecuting attorney for the state prosecuting in such circuit."

It certainly was not the intention of the Legislature by the passage of acts 108 and 109 of the Acts of 1935 to take away from the prosecuting attorneys of the several districts the right to commence and prosecute actions, both civil and criminal, in which the state or any county of his circuit might be concerned. As stated, there is no express repeal of the statutes conferring such power upon prosecuting attorneys and no necessary implication that the Legislature intended to do so. As evidence that it had no such intention we find that § 10 of act 109 confers certain powers upon the state Auditor with reference to the administration of the liquor laws, and again we find as evidence that the Legislature had no such intention, subsequent to the passage of acts 108 and 109 of the Acts of 1935, and at the same session the Legislature passed act 132 of the Acts of 1935 which employed the following language in § 2 thereof: "The circuit judges of this state are hereby declared to be primarily

responsible for the enforcement of laws against the unlawful manufacture and sale of intoxicating liquors.''

We think that these several acts conferred concurrent authority upon the prosecuting attorneys of the several districts of Arkansas along with the Auditor and the Commissioner of Revenues to enforce the liquor laws of this state, and that John K. Butt, prosecuting attorney of the 4th judicial circuit of the state of Arkansas was well within his authority when he proceeded by proper action to seize 8,877 cases of alcoholic and intoxicating liquors for the purpose of collecting the past due taxes thereon, which was unstamped with the revenue stamps required by law to be affixed to the containers of such liquor, and upon which no Arkansas state tax of any kind had ever been paid.

The temporary writ of prohibition heretofore granted is, therefore, dissolved, and the writ of prohibition is denied.

SMITH, J., concurring in the judgment. McHANEY and BAKER, JJ., dissent.